UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-02026-FWS-DFM                    Date: April 19, 2024
Title: Katie Cappuccio v. California State University, Fullerton

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE**

On February 28, 2024, Defendant California State University, Fullerton (CSU) filed a Motion to Dismiss ("Motion" or "Mot."). (Dkt. 19.) The Motion was set for hearing on April 18, 2024. (*Id.*) Plaintiff filed an Opposition to the Motion on March 13, 2024. (*See* Dkt. 24)

On April 18, 2024, the courtroom deputy called this matter for hearing. On the record, the court noted only counsel for Defendant California State University, Heather Davis, had appeared. The courtroom deputy made several attempts to contact Plaintiff's counsel and received no response. The court requested that Ms. Davis attempt to contact Plaintiff's counsel. Ms. Davis attempted to contact Plaintiff's counsel and received no response.

At this time, the court notes that the Motion had been set for hearing since February 28, 2024, and "made following the conference of counsel pursuant to L.R. 7-3." (Dkt. 19.) The court further notes that all hearings before the court have been conducted in person since February 1, 2023.[1]

Based on this record, the court **CONTINUES** the hearing on the Motion for two weeks, until **May 2, 2024**, at **10:00 a.m., in Courtroom 10D** of the Ronald Reagan Federal Building and United States Courthouse, 411 West 4th Street, Santa Ana, CA 92701. In addition, Plaintiff is **ORDERED TO SHOW CAUSE** in writing, on or before **April 25, 2024, at 12:00 p.m.**, why sanctions, including monetary sanctions, should not be imposed for failing to appear at

---

[1] *See* https://www.cacd.uscourts.gov/honorable-fred-w-slaughter.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-02026-FWS-DFM                                    Date: April 19, 2024
Title: Katie Cappuccio v. California State University, Fullerton

today's court hearing.  The written response to the Order to Show Cause must be accomplished by way of declaration, not solely by way of a memorandum of points and authority.  Plaintiff's counsel of record, Nicole Pearson, is individually required to file her own declaration explaining why there was no appearance at the hearing and why sanctions should not be imposed.  The court also **ORDERS** Plaintiff's counsel to appear at a hearing on the Order to Show Cause on **May 2, 2024,** at **10:00 a.m.,** in **Courtroom 10D**.  Finally, the court **ORDERS** Defendant's counsel, Heather Davis, to contact Plaintiff's counsel and inform Plaintiff's counsel of this order.

Failure to adequately comply with the court's orders described above, including compliance with orders requiring a declaration in response to the Order to Show Cause or the orders to appear at the hearings set for May 2, 2024, may result in sanctions being imposed.  These sanctions may include monetary sanctions and/or dismissing the action.  *See Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001) ("Three primary sources of authority enable courts to sanction parties or their lawyers for improper conduct: (1) Federal Rule of Civil Procedure 11, which applies to signed writings filed with the court, (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings, and (3) the court's inherent power."); *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005) ("Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence."); *Fink*, 239 F.3d at 994 ("[S]anctions are available if the court specifically finds bad faith or conduct tantamount to bad faith.  Sanctions are available for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose."); L. R. 83-7 ("The violation of or failure to conform to any of these Local Rules may subject the offending party or counsel to: (a) monetary sanctions, if the Court finds that the conduct was willful, grossly negligent, or reckless; (b) the imposition of costs and attorneys' fees to opposing counsel, if the Court finds that the conduct rises to the level of bad faith and/or a willful disobedience of a court order; and/or (c) for any of the conduct specified in (a) and (b) above, such other sanctions as the Court may deem appropriate under the circumstances.").

**IT IS SO ORDERED.**                                    Initials of Deputy Clerk:  mku