UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:23-cv-02026-FWS-DFM  Date: December 5, 2024
Title: Katie Cappuccio v. California State University, Fullerton

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:          Attorneys Present for Defendant:

Not Present                                                  Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [52]**

Before the court is the Motion to Dismiss the Amended Complaint Pursuant to F.R.C.P. 12(b)(1) & (6), (Dkt. 52-1 ("Motion" or "Mot.")), filed by Defendant David Forgues ("Defendant"). Plaintiff Katie Cappuccio ("Plaintiff") filed an Opposition to the Motion ("Opposition" or "Opp.").[1] (Dkt. 54.) Defendant filed a Reply in support of the Motion ("Reply"). (Dkt. 55.) The court held a hearing on the Motion. (Dkt. 56.) Based on the state of the record, as applied to the applicable law, the court **GRANTS** the Motion and dismisses Plaintiff's claims against Defendant **WITHOUT LEAVE TO AMEND**.

**I.   Background[2]**

---

[1] Defendant argued that the Opposition was untimely and "may be disregarded." (Dkt. 55 at 2.) The court addressed the untimeliness of the Opposition at the hearing on this matter and determined that the court would consider the Opposition. (*See* Dkt. 56.)

[2] For purposes of the Motion, the court accepts as true the FAC's factual allegations and construes them in the light most favorable to Plaintiff. *See, e.g.*, *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

**CIVIL MINUTES – GENERAL**                                                                 1

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:23-cv-02026-FWS-DFM | Date: December 5, 2024 |
| Title: Katie Cappuccio v. California State University, Fullerton | |

    On February 14, 2024, Plaintiff filed the First Amendment Complaint ("FAC") against Defendant and California State University, Fullerton ("CSU"). (*See* Dkt. 17.) Plaintiff raises the following causes of action in the FAC: (1) disparate treatment and failure to accommodate on the basis of religion under Title VII of the Civil Rights Act ("Title VII," 42 U.S.C. § 2000e, *et seq*.) against CSU;[3] (2) disparate impact on the basis of religion under Title VII against CSU; (3) failure to accommodate sincerely held religious beliefs under the California Fair Employment and Housing Act ("FEHA," Cal. Gov't Code § 12940, *et seq*.) against CSU; and (4) violation of the First Amendment to the United States Constitution ("First Amendment") for infringement on religious exercise under 42 U.S.C. § 1983 ("Section 1983") against CSU and Defendant. (*See* FAC ¶¶ 71-154.) Plaintiff brings the Section 1983 claim against Defendant in his individual and official capacities. (*Id.* ¶ 148.) The court briefly summarizes the facts on which the claims in the FAC are based.

    CSU employed Plaintiff as a police officer beginning in 2011. (FAC ¶¶ 13, 16.) Defendant is CSU's Director of Human Resources, Diversity, and Inclusion. (*Id.* at 2.) In late July 2021, Plaintiff was advised that CSU would require its employees to receive COVID-19 vaccinations and COVID-19 testing through CSU as a condition of continued employment. (*Id.* ¶¶ 18-19, 32.) Plaintiff requested a policy exemption on August 2, 2021, because of her "sincerely held" religious beliefs, which "require her to keep her body pure" and maintain that "it is a sin to seek medical intervention . . . when she is not sick." (*Id.* ¶¶ 20-23.) CSU granted

___

[3] The FAC does not clearly state against which party or parties Plaintiff brings the first cause of action for disparate treatment and failure to accommodate under Title VII. (*See* FAC ¶¶ 71-129.) However, the Opposition states that "[Plaintiff] is not bringing her first claim for Disparate Treatment / Failure to Accommodate in violation of Title VII against [Defendant] and respectfully asks the Court to allow the parties to stipulate to this clarification, or otherwise grant [Plaintiff] leave to amend." (Opp. at 3.) The parties agreed at the hearing on this matter that the first cause of action for disparate treatment and failure to accommodate under Title VII would only be brought against only CSU. (Dkt. 56.) Thus, the court finds that the first cause of action for disparate treatment and failure to accommodate under Title VII is brought solely against CSU.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:23-cv-02026-FWS-DFM | Date: December 5, 2024 |
| Title: Katie Cappuccio v. California State University, Fullerton | |

the exemption on August 13, 2021. (*Id.* ¶ 20.) Plaintiff was exempted from the "entire" policy, including "testing-related provisions." (*Id.* ¶¶ 20, 26.) The decision to exempt Plaintiff from the policy "upset a few CSU employees, including [Defendant] . . . who set out to 'make an example' out of Plaintiff because her sincerely held religious beliefs conflicted with their policy-based preferences and desire for CSU to boast a 100% faculty/staff vaccination statistic." (*Id.* at 2.)

However, on August 19, September 22, and October 12, 2021, Plaintiff received emails from Plaintiff's supervisor, directed to "an undisclosed number of [Defendant's police] officers," advising recipients that they had not submitted COVID-19 test results and "direct[ing] [recipients] to comply or otherwise [] be subject to discipline." (*Id.* ¶ 27.) Plaintiff believed she was exempted from the policy, and "[t]his was further corroborated by the fact that [] Plaintiff worked directly alongside [Plaintiff's supervisor] at recruitment activities from August 4, 2021, through November 2, 2021 [] and [no issue of] alleged non-compliance [was] raised," and Plaintiff received a monetary performance bonus in September 2021. (*Id.* ¶¶ 28-29.) In November 2021, Plaintiff received an email containing a Letter of Reprimand ("LOR") for failure to comply with CSU's COVID-19 policy. (*Id.* ¶ 31.) Plaintiff believed she was not the "intended recipient" and "the letter was issued as an administrative error." (*Id.*) On or around December 15, 2021, Plaintiff "learned that [Defendant] [] had been singling [Plaintiff] out, by name, as the most egregious offender of the policy because she had not uploaded 'any' records or test results . . . [and that Defendant] wanted to 'make an example' out of Plaintiff." (*Id.* at 4.)

On or about January 18, 2022, CSU issued a Notice of Pending Disciplinary Action to Plaintiff which stated that Plaintiff had violated Education Code Sections 89535(b) and (f) for "unprofessional conduct" and "fail[ing] or refus[ing] to perform the normal and reasonable duties of [her] position." (*Id.* ¶ 38.) Defendant was one of the "parties who caused [the Notice of Pending Disciplinary Action] to be issued." (*Id.* at 5.) Plaintiff self-administered a COVID-19 at-home test—which does not violate her religious beliefs—on January 21, 2022. (*Id.* ¶¶ 52, 67.) A disciplinary hearing was held for Plaintiff's alleged misconduct on February 4, 2022. (*Id.* ¶ 51.) At the hearing, Plaintiff described the "conflict that existed between her sincerely held religious beliefs and the [COVID-19 testing] policy." (*Id.*) CSU "responded by placing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-02026-FWS-DFM                              Date: December 5, 2024
Title: Katie Cappuccio v. California State University, Fullerton

Plaintiff on administrative leave and thereafter, terminating her employment [on February 11, 2022]." (*Id.* ¶¶ 1, 13, 55.) "[Defendant] substantially or entirely made the decision to deny, ignore, or otherwise refuse to accommodate Plaintiff's sincerely held religious beliefs and the decision to terminate Plaintiff's employment." (*Id.* ¶ 15.)

On October 30, 2023, Plaintiff filed the Complaint in this case, which did not name Defendant as a party. (Dkt. 1.) On February 14, 2024, Plaintiff filed the FAC and named Defendant as a party for the first time. (Dkt. 17.)

**II.    Legal Standard**

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).[4] "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). To withstand a motion to dismiss brought under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a plaintiff must provide "more than labels and conclusions" and "a formulaic recitation of the elements of a cause of action" such that the factual allegations "raise a right to relief above the speculative level." *Id.* at 555 (citations and internal quotation marks omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (reiterating that "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). "A Rule 12(b)(6) dismissal 'can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a

---

[4] Defendant cites Rule 12(b)(1) in relation to certain immunity arguments, (*see* Mot. at 4), but the court observes that "[a] sovereign immunity defense is 'quasi-jurisdictional' in nature and may be raised in either a Rule 12(b)(1) or 12(b)(6) motion." *Sato v. Orange Cnty. Dep't of Educ.*, 861 F.3d 923, 927 n.2 (9th Cir. 2017) (citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-02026-FWS-DFM                      Date: December 5, 2024
Title: Katie Cappuccio v. California State University, Fullerton

cognizable legal theory.'" *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"Establishing the plausibility of a complaint's allegations is a two-step process that is 'context-specific' and 'requires the reviewing court to draw on its judicial experience and common sense.'" *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995-96 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 679). "First, to be entitled to the presumption of truth, allegations in a complaint . . . must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Id.* at 996 (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). "Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.* (quoting *Starr*, 652 F.3d at 1216); *see also Iqbal*, 556 U.S. at 681.

Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). On one hand, "[g]enerally, when a plaintiff alleges facts consistent with both the plaintiff's and the defendant's explanation, and both explanations are plausible, the plaintiff survives a motion to dismiss under Rule 12(b)(6)." *In re Dynamic Random Access Memory (DRAM) Indirect Purchaser Antitrust Litig.*, 28 F.4th 42, 47 (9th Cir. 2022) (citing *Starr*, 652 F.3d at 1216). But, on the other, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Eclectic Props. E.*, 751 F.3d at 996 (quoting *Iqbal*, 556 at U.S. 678). Ultimately, a claim is facially plausible where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 at 556); *accord Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012).

In *Sprewell v. Golden State Warriors*, the Ninth Circuit described legal standards for motions to dismiss made pursuant to Rule 12(b)(6):

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-02026-FWS-DFM          Date: December 5, 2024
Title: Katie Cappuccio v. California State University, Fullerton

> Review is limited to the contents of the complaint. All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.

266 F.3d 979, 988 (9th Cir. 2001) (citations omitted).

## III. Discussion

As explained above, the only claim Plaintiff brings against Defendant is the Section 1983 claim for violation of the First Amendment. In the Motion, Defendant argues that claim fails because (1) "[i]n [Defendant's] official capacity, [Defendant] is protected by Eleventh Amendment Immunity," (2) "[i]n his individual capacity, [Defendant] is protected by qualified immunity," and (3) "the claim is time-barred." (Mot. at 2.)[5] Because the court determines the claim is time-barred, the court does not reach the immunity arguments.

### A. Plaintiff's Claim Against Defendant is Time-Barred

"A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969

---

[5] Defendant also argues that "it is not clear [] if [Plaintiff] intends to bring the [f]irst [c]laim [under] Title VII against [Defendant] [and] [i]f this claim is brought against [Defendant], it fails as individual supervisors and co-workers cannot be liable for violating Title VII." (Mot. at 1-2.) However, as discussed above, the parties agree that Plaintiff brings the first claim for disparate treatment and failure to accommodate under Title VII against only CSU.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-02026-FWS-DFM                                      Date: December 5, 2024
Title: Katie Cappuccio v. California State University, Fullerton

(9th Cir. 2010) (citing *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)). "Federal courts borrow from state law to determine any applicable statute of limitations for § 1983 claims, including tolling provisions." *Lockett v. Cnty. of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020) (citing *Torres v. City of Santa Ana*, 108 F.3d 224, 226 (9th Cir. 1997)). Accordingly, the statute of limitations for a Section 1983 claim is the same statute of limitations within the forum state for personal injury torts. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007) ("Section 1983 provides a federal cause of action, but in several respects . . . federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: It is that which the State provides for personal-injury torts."). In California, personal injury claims and therefore Section 1983 claims are subject to a two-year statute of limitations. *See Doe #1 M.L. v. San Bernardino Sheriff Dep't*, 2024 WL 4511208, at *3 (C.D. Cal. Oct. 15, 2024) ("Thus, Plaintiff's Section 1983 claim is subject to California's two-year statute of limitations for personal-injury claims.") (citing *Bonneau v. Centennial Sch. Dist. No. 28J*, 666 F.3d 577, 579 (9th Cir. 2012)). In this case, the forum state is California, and the parties do not dispute that a two-year statute of limitations applies to the present Section 1983 claim. (*See generally* FAC (describing causes of action arising in California); Mot. at 8 (applying the California two-year Section 1983 statute of limitations); Opp. at 24 (same).) Accordingly, the court finds that the statute of limitations for Plaintiff's Section 1983 claim against Defendant is two years.

A Section 1983 claim accrues when the plaintiff "knows, or should know, of the injury which is the basis of the cause of action." *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999) (cited by *Eng v. Cnty. of Los Angeles*, 737 F. Supp. 2d 1078, 1097 (C.D. Cal. 2010)). The FAC alleges that CSU terminated her employment on February 4, 2022, or February 11, 2022. (FAC at 4; *id.* ¶ 1.) Thus, the court finds that the statute of limitations on the Section 1983 claim against Defendant began at the latest on February 11, 2022. (*See* FAC ¶ 1.)[6] The statute of limitations therefore closed, at the latest, on February 11, 2024. *See Doe #1 M.L.*, 2024 WL

---

[6] The court observes that regardless of whether the February 4, 2022, or February 11, 2022, date applies, Plaintiff's claim against Defendant, which was filed on February 14, 2024, is only viable if the claim relates back to the date of the original Complaint.

**CIVIL MINUTES – GENERAL**                                                                    7

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:23-cv-02026-FWS-DFM | Date: December 5, 2024 |
| Title: Katie Cappuccio v. California State University, Fullerton | |

4511208, at *3 ("Thus, Plaintiff's Section 1983 claim is subject to California's two-year statute of limitations for personal-injury claims.") Although Plaintiff filed the original Complaint within the statute of limitations on October 30, 2023, the original Complaint did not name Defendant as a party. (*See* Dkt. 1.) Defendant was not named as a party until Plaintiff filed the FAC on February 14, 2024—at least three days after the statute of limitations on the Section 1983 claim had closed. (*See* FAC.)

Plaintiff argues that although "the addition of [Defendant] [occurred] 3 days after the 2-year statute of limitations had run on [Plaintiff's] claims, [Defendant's] addition 'relates back' to the original date of filing" under Rule 15. (Opp. at 19.) Rule 15(c) permits an amendment to a pleading to "relate back" to the date of the original pleading in some circumstances. Rule 15(c) states:

> (1) [] An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:23-cv-02026-FWS-DFM | Date: December 5, 2024 |
| Title: Katie Cappuccio v. California State University, Fullerton | |

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. Proc. 15(c)(1). "Rule 15(c)(1) incorporates the relation back rules of the law of a state when that state's law provides the applicable statute of limitations and is more lenient. As a result, if an amendment relates back under the state law that provides the applicable statute of limitations, that amendment relates back under Rule 15(c)(1) even if the amendment would not otherwise relate back under the federal rules." *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1200 (9th Cir. 2014).

In this case, the statute of limitations for Plaintiff's Section 1983 claim derives from California's personal injury law, and therefore, "Rule 15(c)(1) requires [the court] to consider both federal and state law and employ whichever affords the 'more permissive' relation back standard." *Butler*, 766 F.3d at 1200; *see also James v. Sabella*, 2024 WL 2969964, at *2 (N.D. Cal. June 11, 2024) ("California law governs the statute of limitations for plaintiffs' § 1983 claims . . . . Thus, 'because the limitations period derives from state law, Rule 15(c)(1) requires us to consider both federal and state law and employ whichever affords the "more permissive" relation back standard.'") (quoting *Butler*, 766 F.3d at 1201). The court first considers whether the addition of Defendant in the FAC relates back to the original Complaint under California law, and next considers whether the addition of Defendant relates back under the Federal Rules.

1. **The Section 1983 Claim Against Defendant Does Not Relate Back to the Original Complaint Under California Law**

Under California law, "the general rule is that an amended complaint that adds a new defendant does not relate back to the date of filing the original complaint and the statute of limitations is applied as of the date the amended complaint is filed, not the date the original complaint is filed." *Woo v. Superior Court*, 75 Cal. App. 4th 169, 176 (1999) (cited by *Liikala v. Brookdale Senior Living Communities, Inc.*, 2024 WL 3381037, at *3 (N.D. Cal. July 10,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:23-cv-02026-FWS-DFM | Date: December 5, 2024 |
| Title: Katie Cappuccio v. California State University, Fullerton | |

2024)). "While California permits an exception to this general rule 'where an amendment does not add a "new" defendant, but simply corrects a misnomer by which an "old" defendant was sued,' such exception is not applicable here . . . [because Plaintiff added Defendant] to an amended complaint as a new defendant, and not as a Doe defendant. . . ." *Duran v. Cnty. of Riverside*, 2024 WL 4403896, at *4 (C.D. Cal. Sept. 3, 2024) (citing *Hawkins v. Pac. Coast Bldg. Prods., Inc.*, 124 Cal. App. 4th 1497, 1503 (2004)); (*see also* Dkt. 1 (original Complaint not naming a "Doe" defendant)). Accordingly, the court finds that the addition of Defendant in the FAC does not relate back to the original Complaint under California law. *See Duran*, 2024 WL 4403896, at *4 ("Plaintiff did not sue fictitious defendants in his FAC and has not sought to substitute the new defendants for a fictitious defendant. Instead, Plaintiff seeks to add entirely new defendants in the SAC . . . . The relation back doctrine does not apply in this context."). The court next consider the relation back standard under Rule 15(c).

### 2. The Section 1983 Claim Against Defendant Does Not Relate Back to the Original Complaint Under the Federal Rules

As previously stated, under Rule 15(c), an amendment relates back where "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out [] in the original pleading," and "the party to be brought in by amendment[] (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(B)-(C). The Ninth Circuit has further held that "[i]n order for an amended complaint to relate back under Rule 15(c)(1)(C), the following conditions must be met: '(1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it.'" *Butler*, 766 F.3d at 1202. "Additionally, the second and third requirements must have been fulfilled within 120 days after the original complaint is filed, as prescribed by Federal Rule of Civil Procedure 4(m)." *Id.*

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:23-cv-02026-FWS-DFM | Date: December 5, 2024 |
| Title: Katie Cappuccio v. California State University, Fullerton | |

First, the court finds the Section 1983 claim against Defendant arises out of the same "conduct, transaction, or occurrence set out [] in the original [Complaint]." Fed. R. Civ. P. 15(c)(1)(B); *see also Butler*, 766 F.3d at 1202 ("[T]he basic claim must have arisen out of the conduct set forth in the original pleading."). To satisfy Rule 15(c)(1)(B), amended claims must "share a common core of operative facts such that the plaintiff will rely on the same evidence to prove each claim." *Echlin v. PeaceHealth*, 887 F.3d 967, 978 (9th Cir. 2018) (citing *Williams v. Boeing Co.*, 517 F.3d 1120, 1133 (9th Cir. 2008)). Here, the parties do not dispute that Rule 15(c)(1)(B) is satisfied in this case. (*See* Opp. at 25 ("[Plaintiff's] February 2024 amendment named [Defendant] as a defendant to claims asserted, based upon allegations made in the original complaint, or the exact same 'conduct, transaction, or occurrence.'"); *see generally* Mot. (not disputing that Rule 15(c)(1)(B) is satisfied); Reply (same).) Moreover, the court observes that the original Complaint and the FAC allege a Section 1983 claim based on the same core facts that Plaintiff was terminated after being denied a "religious accommodation to [CSU's COVID-19] policy." (Dkt. 1 (Complaint) ¶ 152; FAC ¶ 153.) Accordingly, the court finds that the Section 1983 claim against Defendant in the FAC arises from the same conduct, transaction, or occurrence as set forth in the original Complaint.

Second, the court finds Plaintiff sufficiently demonstrates that Defendant had notice of Plaintiff's claims. Notice may be actual or constructive. *See G.F. Co. v. Pan Ocean Shipping Co., Ltd.*, 23 F.3d 1498, 1503 (9th Cir. 1994). Constructive notice may be established through a "community of interest," including "continued employment with an agency and shared legal representation [to] justify imputing knowledge of a suit to the former." *White v. City of Los Angeles*, 2020 WL 9893054, at *5 (C.D. Cal. July 24, 2020) (citing *Jauregui v. Huntington Beach Police Dep't*, 2019 WL 2879872, at *2 (C.D. Cal. Apr. 9, 2019)). The court finds the record supports a finding of constructive notice in this case. As Plaintiff points out, Defendant served as an officer of CSU throughout the lawsuit, (Opp. at 25), and the original Complaint alleges that Defendant serves as CSU's Director of Human Resources, Diversity, and Inclusion. (*See* Dkt. 1 at 1.) Moreover, the court observes that CSU and Defendant are represented by the same law firm, Quarles and Brady LLP. (*See* Dkt.) Accordingly, the court finds Plaintiff

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:23-cv-02026-FWS-DFM | Date: December 5, 2024 |
| Title: Katie Cappuccio v. California State University, Fullerton | |

sufficiently demonstrates that Defendant had at least constructive notice of the lawsuit because Defendant is an employee of CSU and shares legal representation with CSU. *See Mayshack v. Gonzales*, 437 Fed. Appx. 615, 621 (9th Cir. 2011) ("Second, Juncaj received constructive notice of the suit, because he had a sufficient community of interest with Sheriff Baca . . . . In particular the two parties shared an attorney. . . and Juncaj was Sheriff Baca's employee.") (citations omitted); *G.F. Co.*, 23 F.3d at 1503 ("[A] 'community of interest' exists in this case. Panobulk was Pan Ocean's claims agent. . . . Panobulk and Pan Ocean even had the same attorney, who defended against G.F.'s action for both parties.").

Third, however, the court finds that Plaintiff does not sufficiently allege that Defendant knew, or should have known, that Defendant would be named as a party in this case but for a mistake. "[I]f the plaintiff learns of the defendant within the limitations period, but seeks to add the defendant only after the period has expired, amendment is not allowed." *In re ATM Fee Antitrust Litig.*, 768 F. Supp. 2d 984, 1000 (C.D. Cal. Sept. 4, 2009) (citation omitted); *see also Kilkenny v. Arco Marine, Inc.*, 800 F.2d 853, 857-858 (9th Cir. 1986) ("Rule 15(c) was intended to protect a plaintiff who mistakenly names a party and then discovers, after the relevant statute of limitations has run, the identity of the proper party. Rule 15(c) was never intended to assist a plaintiff who ignores or fails to respond in a reasonable fashion to notice of a potential party, . . . ."); *Penton v. Johnson*, 2019 WL 6618051, at *17 (E.D. Cal. Dec. 5, 2019), *report and recommendation adopted*, 2020 WL 1862346 (E.D. Cal. Apr. 14, 2020) ("Because plaintiff was aware of the identity of defendants Quinn and Besenaiz . . . such new claims do not relate back under federal law because plaintiff cannot demonstrate any 'mistake concerning the proper party's identity.'") (citing Fed. R. Civ. P. 15(c)(1)(C)(ii)); *Cong v. Zhao*, 2024 WL 4803842, at *4 (W.D. Wash. Nov. 15, 2024) ("[C]ritically, where a plaintiff knows the identity of a defendant when the complaint is filed, relation back does not apply.") (collecting cases).

Plaintiff argues that Rule 15(c)(1)(C) is satisfied in this case because Defendant "knew – and should have known – that the action initially brought against CSU, [] which mentioned [Defendant] almost a dozen times and describes, in detail, how [Defendant], personally, mistreated [Plaintiff], would be brought against him and that, but for, a mistake had not been brought already." (Opp. at 25.) Plaintiff also argues that Defendant "was involved in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:23-cv-02026-FWS-DFM　　　　　　　　　　　　Date: December 5, 2024
Title: Katie Cappuccio v. California State University, Fullerton

[Plaintiff's] [COVID-19 policy] accommodation process, sent [Plaintiff] emails and correspondence, and participated in [Plaintiff's] [disciplinary] hearings. . . . As an executive officer of CSU, he also likely received a copy of the lawsuit . . . . [Defendant] will not be prejudiced by having to defend against his own actions, which [Plaintiff] has complained of . . . for over two years." (*Id.*)  Defendant responds that Plaintiff knew of "the proper identity of [Defendant] . . . within the limitations period, as [Defendant] was named throughout the entirety of [the original Complaint]" and that "[Defendant] could not have been aware merely because his name is mentioned in the original complaint that [Plaintiff] had intended to name him." (Reply at 6.)

　　　　The court observes that the original Complaint names Defendant and discusses Defendant's role in the events underlying the litigation. (*See, e.g.*, Dkt. 1 at 1-2 ("Plaintiff was exempted from the policy. But this upset [Defendant] . . . who set out to 'make an example' out of Plaintiff . . . ."), 3 ("[Defendant] . . . had been singling [Plaintiff] out, by name, as the most egregious offender of the policy . . . ."), 4 (alleging that Defendant "caused" Plaintiff's Notice of Proposed Removal to be issued).)  Furthermore, Plaintiff's counsel filed a Declaration in support of the Opposition which attests that Plaintiff's counsel "inherited this case from another attorney . . . and upon speaking to former counsel, [Plaintiff's counsel] determined that [Defendant] had inadvertently been left off the caption and in the actual Claims for Relief." (Dkt. 54-1 ¶ 3.)  Based on the record, the court finds that Plaintiff was aware of the identity of Defendant during the statute of limitations, but failed to name Defendant as a party during the statute of limitations period based on an "inadvertent[]" error. (*Id.*)  The court finds that this is not a situation where Plaintiff was mistaken about the proper party's identity and corrected the error in the FAC, but rather a situation where Plaintiff chose to add a new party as a defendant on her claims.  Because Plaintiff was aware of the identity of Defendant at the time of the original Complaint, but did not name Defendant until after the statute of limitations had closed, the court finds that the addition of Defendant does not relate back to the original Complaint under Rule 15(c).  *See Cong*, 2024 WL 4803842, at *4 ("Here, the SAC cannot relate back because Defendant Valve could not have known that Plaintiffs were mistaken about the proper party's identity.  After all, in the original complaint, . . . Plaintiff Cong appeared fully aware of

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-02026-FWS-DFM            Date: December 5, 2024
Title: Katie Cappuccio v. California State University, Fullerton

___

Defendant Valve's status and role in potential copyright infringement. Yet Plaintiff Cong conspicuously did not name Defendant Valve in the complaint.").

Therefore, because the addition of Defendant does not relate back to the original Complaint under California law or the Federal Rules, the court finds that the Section 1983 claim against Defendant is barred by the statute of limitations and **GRANTS** the Motion. Because the court finds that the Section 1983 claim against Defendant is barred by the statute of limitations, the court does not address Defendant's remaining arguments that the Section 1983 claim against Defendant is barred by the Eleventh Amendment and the doctrine of qualified immunity.

### B. Leave to Amend

"Although leave to amend 'shall be freely given when justice so requires,' it may be denied" where it "would not serve any purpose because to grant it would be futile in saving the plaintiff's suit." *Chinatown Neighborhood Ass'n v. Harris*, 794 F.3d 1136, 1144 (9th Cir. 2015) (quoting Fed. R. Civ. P. 15(a)). In this case, the court finds that because Plaintiff's Section 1983 claim is time-barred, granting leave to amend would be futile. *See, e.g. Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008) ("However, because Platt's claims are barred by the statute of limitations, any amendments would have been futile.") (citing *Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1298 (9th Cir. 1998)); *Won v. ReconTrust Co., N.A.*, 2022 WL 1096426, at *3 (C.D. Cal. Mar. 30, 2022), *aff'd sub nom. Pae v. ReconTrust Co., N.A.*, 2023 WL 4676815 (9th Cir. July 21, 2023) ("The Court denies leave to amend. Although leave to amend is granted liberally . . . amendment is futile when claims are barred by the applicable statute of limitations or statute of repose.) Accordingly, the court **DISMISSES** Plaintiff's Section 1983 claim against Defendant **WITHOUT LEAVE TO AMEND**.

### IV. Disposition

For the reasons stated above, the Motion is **GRANTED**. The court **DISMISSES** the Section 1983 claim against Defendant in the FAC **WITHOUT LEAVE TO AMEND**. The

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-02026-FWS-DFM                          Date: December 5, 2024

Title: Katie Cappuccio v. California State University, Fullerton

___

court observes that there are no remaining claims against Defendant because the Section 1983 has been dismissed without leave to amend as to Defendant. Accordingly, the court **DISMISSES** Defendant David Forgues as a party to this case.

                                                            Initials of Deputy Clerk: mku