son DeclNICOLE C. PEARSON (SBN 265350)
npearson@ydplaw.com
**YODER DREHER PEARSON, LLP**
5319 University Drive, Ste. 503
Irvine, CA 92612
Telephone: (949) 200 9170

Attorneys for Plaintiff Katie Cappuccio

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| KATIE CAPPUCCIO,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA STATE UNIVERSITY, FULLERTON, and DAVID FORGUES, in his individual capacity and office capacity as Vice President of Human Resources,<br><br>Defendants. | Case No. 8:23-cv-02026-FWS-DFM<br><br>**DECLARATION OF NICOLE C. PEARSON IN SUPPORT OF PLAINTIFF'S OPPOSITION TO *EX PARTE* APPLICATION OF DEFENDANT CALIFORNIA STATE UNIVERSITY, FULLERTON TO MODIFY THE SCHEDULING ORDER**<br><br>Judge:        Hon. Fred W. Slaughter<br>Crtrm.:      Santa Ana, 10D<br>Magistrate:  Douglas F. McCormick<br>Crtrm:       Santa Ana, 6B |

## <u>DECLARATION OF NICOLE C. PEARSON</u>

I, Nicole C. Pearson, declare as follows:

1.     I am a partner at YODER DREHER PEARSON LLP, counsel of record for Plaintiff KATIE CAPPUCCIO in the above-entitled matter, and am licensed to practice before this Court. I have personal knowledge of the following facts and, if called as a witness, could and would testify competently thereto.

2.     This declaration is being submitted in support of Plaintiff's Opposition to the *Ex Parte* Application of Defendant California State University, Fullerton ("CSU" or "Defendant") to Modify the Scheduling Order. ("Application").

3.      Plaintiff is a single mom of two, works full time at a law firm, part time as an adjunct professor, and is a full-time law school student.

4.      I am a single mom of three and work full time as a partner at a law firm.

5.      Since filing the instant lawsuit, I closed my previous firm and started YODER DREHER PEARSON, LLP. This new firm, which includes a new email, has been counsel of record on PACER since August 2024, and the court's docket since September 19, 2024. I no longer uses her former email address (nicole@FLTJllp.com) and had it set it to forward emails to my new email address (npearson@ydplaw.com).

6.      On October 28, Defendant attempted to serve Plaintiff with Requests for Production and Interrogatories to my old email address and system, and on October 29, 2024, attempted to serve Plaintiff with a Notice of Deposition to my old email address and system. For technical reasons beyond my understanding, I only received notice of Defendant's email attempting to serve the Notice of Deposition and, upon doing so, emailed defense counsel asking them to update their contact information and service list to include my new information. Defense counsel acknowledged their "mistake" and confirmed updating their records. Attached hereto as **Exhibit "A"** is a true and correct copy of these email communications. Despite recognizing that they had improperly served me, at no time did defense counsel mention the discovery requests they had also improperly served just the day before.

7.      Defense counsel's Proof of Service for the discovery requests states that she emailed the requests to nicole@f**tt**jllp.com, and **rn**yoder@yoderlaveglia.com. Neither of these emails are real email addresses. Assuming she meant **m**yoder@yoderlaveglia.com, this email has never been associated with counsel of record. Further, had she actually served either of these emails, she would have received error messages in reply. Therefore, it appears Defendant's Proof of Service does not accurately reflect how the requests were served. Attached hereto as **Exhibit "B"** is a true and correct copy of defense counsel's Proof of Service.

OPPOSITION TO DEFENDANT'S *EX PARTE* APPLICATION TO MODIFY SCHEDULING ORDER (DKT. 58) – PEARSON DECL.

8.      I make a practice to and have always confirmed receipt of service, for example by sending a "Thank you" or "Confirming receipt." I do this as a general courtesy, but especially during this transition between firms. There is no such email from me to defense counsel confirming receipt of Defendant's discovery requests because I never received them.

9.      On December 5, 2024, defense counsel emailed me that she had not received Plaintiff's discovery responses to Interrogatories and Requests for Production improperly served to my former email address on October 28, 2024. Due to counsel's failure to properly serve Defendant's discovery requests, Plaintiff had zero obligation to respond; however, because the parties had such a hard time scheduling Plaintiff's deposition due to her full work and school schedule, trial in another matter, family needs, counsels' preexisting obligations, the holidays; upcoming litigation deadlines; and Plaintiff's desire not to engage the Court unless absolutely necessary, I agreed to immediately serve responses to both sets of discovery, including 45 Requests for Production, in order to proceed with the deposition as set. I served Plaintiff's responses and production five (5) days after receiving Defendants' email. Attached hereto as **Exhibit "C"** is a true and correct copy of our email communications.

10.     Plaintiff's deposition proceeded for approximately 5 hours[1] December 11, 2024. Recognizing that I produced information and documents the night before, my client and I agreed that her deposition could continue another session to allow defense counsel to review, analyze and inquire into the same. We then set Plaintiff's second session for Monday, December 23, beginning at 8:30 a.m. before Plaintiff's church commitment, and counsels' closure for Christmas.

11.     In order to accommodate David Forgues's and counsels' limited schedules, the holidays, and upcoming litigation deadlines, I offered to and did depose

---

[1] Plaintiff has asked Defendant to confirm, but has yet to receive, the total time spent during Plaintiff's first session of deposition.

OPPOSITION TO DEFENDANT'S *EX PARTE* APPLICATION TO MODIFY SCHEDULING ORDER (DKT. 58) – PEARSON DECL.

former Defendant David Forgues as Defendant CSU's campus, not at my office 23 miles away as permitted by the Rules, on December 17, 2024, beginning at 1 p.m.

12.    On Wednesday, December 18, 2024, my 6-year-old daughter was rushed to urgent care for lethargy, trouble swallowing and breathing, and intense fever.

13.    That same day, my 8-year-old daughter was rushed to urgent care for a potential fractured heel while trying to help her sister.

14.    On Saturday, December 21, 2024, my 8-year-old daughter was rushed to urgent care for lethargy, intense fever, stiff neck, intense fever, uncontrollable cough, abdominal tenderness, and shivering.

15.    On Sunday, December 22, 2024, my 1.5-year-old son spiked a 104 fever. That same day, at approximately 8:30 p.m., my nanny called to say she was sick and could not come to work the next day. I attempted, but was unable, to secure alternate childcare for my sick children. Recognizing the hour, I emailed defense counsel to let her know that I would not be able to attend Plaintiff's second session of deposition, and acknowledged it was a last-minute cancellation, apologized for and explained the reasons for the same, offered to send over medical notes to confirm our status, and also to offered to pay any late cancellation fee. Attached hereto as **Exhibit "D"** are true and correct copies of our communications.

16.    Defense counsel (Ms. Heather Davis) acknowledged my predicament, wished me and my children well, thanked me for offering to pay for the late fee, and asked if I would stipulate to continue Defendant's MSJ deadline and provide new dates for Plaintiff's deposition so that the parties could calculate new timelines for the proposed Joint Stipulation to Modify the Scheduling Order. I agreed to stipulate to move the MSJ hearing deadline, asked for counsel's general availability in order to provide new deposition dates, and asked whether she wanted to re-open the non-expert discovery deadline, as well, given that Defendant had served document subpoenas a few days prior despite the cut off having passed. I also gave counsel my

4

OPPOSITION TO DEFENDANT'S *EX PARTE* APPLICATION TO MODIFY SCHEDULING
ORDER (DKT. 58) – PEARSON DECL.

personal cell phone number because I was going to be out of office that day taking care of her children but wanted to resolve these issues. Defense counsel emailed over the draft Joint Stipulation at around 12:45 p.m. December 23, and texted Plaintiff's counsel that it was in her inbox.

17.     At the same time I was meeting and conferring regarding modification of the Scheduling Order, and taking care of my three sick children, I confirmed that I have to attend another hearing that was set on November 26 in another matter on the same date and at the exact same time as Defendant's Motion **in person**. I also confirmed that I can **not** move it due to a subsequently-scheduled hearing, e.g. Defendant's Motion, filed December 12. I immediately set to figuring out if and how I could ask that the hearing on Defendant's Motion, here, be moved and, upon, confirming that it could be moved by stipulation of the parties, and seeing counsel's texts that the proposed Joint Stipulation was in her inbox, sent defense counsel a text letting her know I would review the proposed Joint Stipulation, and that I was going to include a request to continue the hearing date. Attached hereto as **Exhibit "E"** is a true and correct copy of our email communications.

18.     I reviewed the proposed Joint Stipulation and saw that defense counsel added in a "dispositive motion deadline" that is not currently included in the Court's Scheduling Order (Dkt. 58) and that was unilateral. Because Plaintiff never waived her right to file an MSJ; Plaintiff intends to file an MSJ due to the testimony given by Dr. Forgues at his December 17 deposition; and the Court's current Scheduling Order does not consider (1) a dispositive motion filing deadline, (2) that only MSJ's, or (3) only MSJ's filed by Defendant can be heard before February 13, I modified the proposed Joint Stipulation so that the it stated that the deadline to file any dispositive motion was reciprocal. I also edited the caption, footer, and body of the proposed Joint Stipulation to include a request that the Court continue the Motion hearing date from January 9 to a date convenient to the Court. I then emailed my edits, along with an

OPPOSITION TO DEFENDANT'S *EX PARTE* APPLICATION TO MODIFY SCHEDULING ORDER (DKT. 58) – PEARSON DECL.

email explaining them, to Defendant as soon as she completed both, at 9:46 p.m.

19.     Defense counsel called Plaintiff at 10:30 a.m. the next day to discuss her proposed edits to the Joint Stipulation. Counsel stated that Plaintiff had never before mentioned filing an MSJ before, and that her deadline to file one had "run a long time ago," therefore, Plaintiff could not ask that the "Last Day to **Hear** Motion" deadline be continued to allow both parties to file an MSJ. She also asked if I would still agree for Plaintiff to sit her second session of deposition before January 17, 2025. While I disagreed with counsel regarding the MSJ issue, I confirmed that I would agree to extend Defendant's deadline to file an MSJ, and that to Plaintiff sitting for a second round of deposition before January 17, 2025. I also told her that I needed to review the parties' correspondence and Stipulations, and the Court's orders to determine whether we had, in fact, waived Plaintiff's right to file an MSJ, such that her requested edits were improper. *See* Exhibit E. After doing so I emailed defense counsel that same day at 1:26 p.m. as follows:

Hi Heather:

Following up on our call this morning:

1.  I have reached out to the court to let them know we will seek to move the hearing date. This can be done by motion, stipulation or application and must be accompanied by a declaration setting forth the reasons for the requested continuance. As I mentioned during our call, we already have another hearing set for January 9 that has been on calendar since November 26 and I must attend, in San Francisco, in person. Would you stipulate to a short continuance of the hearing date? I am available January 16 at 10 a.m., which is the following week.

2.  I have read our November Joint Stipulation to Modify the Scheduling Order (Dkt. 57) and Court's Order (Dkt. 58). I do not see where our Joint Stip it (a) did not extend Ms. Cappuccio's deadline to file an MSJ, which is the same as Defendants, or (b) precludes her from filing one. It merely states that we agreed to continue the motion hearing deadline to accommodate the outstanding depositions, as well as any MSJ, which you, at that time, contemplated filing and which required a 6 week filing-to-hearing window. Nowhere did we actually or intent [sic] to waive our right to file an MSJ along those same deadlines. I also do not see any order showing that Ms. Cappuccio's deadline to file an MSJ "ran a while ago," as you stated in our call. Again, the parties' deadline to file an MSJ

OPPOSITION TO DEFENDANT'S *EX PARTE* APPLICATION TO MODIFY SCHEDULING ORDER (DKT. 58) – PEARSON DECL.

1   has always been and is the same, and was modified by our Joint Stip (Dkt. 57)
2   and the Judge's November 27 Order (Dkt. 58) which moved the date to
    hear **all** motions for **all** parties until February 13, 2025. The Order states: "Last
3   Date to **Hear** Motions, February 13, 2025, **Thursday,**" [emphasis in original].
    Footnote 3 states that this date was continued "*To accommodate the request that*
4   *Defendant 'CSU may file its dispositive motion on or before December 30, 2024,'" (Stipulation at*
    *3)."* This was not a limitation on what motions could be filed or by whom, but
5   to explain how the February 13 date was calculated, taking into
    consideration the requisite 6 week filing to hearing window. All this to say, **we do**
6   **agree to continue the February 13 deadline due to our inability to attend**
    **Ms. Cappuccio's second session of deposition yesterday; however, we do**
7   **not agree to limit that extension to the filing of Defendants' MSJ, only, or**
    **to MSJ's, only, for that matter.** I believe the Court's Order is clear: the
8   deadline to hear any and all motions filed by any and all parties is February 13,
9   2025. We can continue that deadline to accommodate Ms. Cappuccio's second
    session of deposition, and for any MSJ to be filed by either party.

10  3.  I note in your email, below, you state Ms. Cappuccio is required to sit for an
11      additional 2-3 hours. Could you please advise for how long she sat during her
        first session already?
12

13  Please let me know if you have any questions, or care to discuss further. I am
    working today until 5 p.m.
14

15  Best,
    Nicole
16

17  *See* Exhibit E.

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

---

OPPOSITION TO DEFENDANT'S *EX PARTE* APPLICATION TO MODIFY SCHEDULING
ORDER (DKT. 58) – PEARSON DECL.

20.      Defense counsel (Ms. Davis) immediately responded that the parties continued to disagree and that she would be moving forward with filing an *ex parte* application seeking to continue only Defendant's deadline to file an MSJ. She also asked if Plaintiff would sit for deposition before January 17, 2025, and if I could provide dates that day to assist with Defendant's requests for relief. I confirmed, again, that Plaintiff would sit for the second round of her deposition before January 17, and provided her with 4 dates for deposition – January 6 or 7 in the afternoon, or January 8 or 10 any time – at 4:00 p.m. Defendant's Application was filed prior to Plaintiff providing these dates. *See* Exhibit E.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 26th day of December, 2024, at Newport Beach, California.

_____ */s/ Nicole C. Pearson* _____

Nicole C. Pearson, Esq.

OPPOSITION TO DEFENDANT'S *EX PARTE* APPLICATION TO MODIFY SCHEDULING ORDER (DKT. 58) – PEARSON DECL.

**EXHIBIT "A"**

Yoder Dreher Pearson LLP Mail - Re: Cappuccio v. CSU | Notice of Taking Plaintiff's Deposition.pdf [QBLLP-ACTIVE.FID44269781]    11/22/24, 12:46 AM



Nicole Pearson <npearson@ydplaw.com>

---

# Re: Cappuccio v. CSU | Notice of Taking Plaintiff's Deposition.pdf [QBLLP-ACTIVE.FID44269781]

**Nicole Pearson** <nicole@fltjllp.com>                                      Tue, Nov 5, 2024 at 2:18 PM
To: "Klekowski, Corrie" <Corrie.Klekowski@quarles.com>, "Alberti, Celia" <Celia.Alberti@quarles.com>
Cc: "Davis, Heather" <Heather.Davis@quarles.com>, "Gonzalez, Jennifer A." <Jennifer.Gonzalez@quarles.com>, Nicole Pearson <npearson@ydplaw.com>, "clerk@ydplaw.com" <clerk@ydplaw.com>

Hi Corrie:

Checking on the 11 and 12. I am out of the office 20-22. Give me until EOD.

Can we also please update our contact information as follows:

*NICOLE C. PEARSON (SBN 265350)*
*YODER DREHER PEARSON, LLP*
*5319 University Drive, Ste. 503*
*Irvine, Calif. 92612*
*Tel: (949) 200-9170*
*Email: npearson@ydplaw.com*

T

---

**From:** Klekowski, Corrie <Corrie.Klekowski@quarles.com>
**Sent:** Tuesday, November 5, 2024 11:45 AM
**To:** Nicole Pearson <nicole@fltjllp.com>; Alberti, Celia <Celia.Alberti@quarles.com>; Carla <carla@fltjllp.com>; myoder@yoderlaveglia.com <myoder@yoderlaveglia.com>; Kate Ware <kware@yoderlaveglia.com>
**Cc:** Davis, Heather <Heather.Davis@quarles.com>; Khatib, Summer <Summer.Khatib@quarles.com>; Gonzalez, Jennifer A. <Jennifer.Gonzalez@quarles.com>
**Subject:** RE: Cappuccio v. CSU | Notice of Taking Plaintiff's Deposition.pdf [QBLLP-ACTIVE.FID44269781]

Following up on this, Nicole.  Can we agree to a deposition on the 11th, 12th, 21st, or 22nd.

If I don't hear from you, we will plan to move forward with the deposition on the 20th as noticed.

---

**From:** Klekowski, Corrie
**Sent:** Friday, November 1, 2024 3:25 PM
**To:** Nicole Pearson <nicole@fltjllp.com>; Alberti, Celia <Celia.Alberti@quarles.com>; Carla <carla@fltjllp.com>;

Yoder Dreher Pearson LLP Mail - Re: Cappuccio v. CSU | Notice of Taking Plaintiff's Deposition.pdf [QBLLP-ACTIVE.FID44269781]                    12/27/24, 12:46 AM

myoder@yoderlaveglia.com; Kate Ware <kware@yoderlaveglia.com>
**Cc:** Davis, Heather <Heather.Davis@quarles.com>; Khatib, Summer <summer.khatib@quarles.com>; Gonzalez,
Jennifer A. <Jennifer.Gonzalez@quarles.com>
**Subject:** RE: Cappuccio v. CSU | Notice of Taking Plaintiff's Deposition.pdf [QBLLP-ACTIVE.FID44269781]


Nicole,


We cannot postpone the deposition after Thanksgiving because our final date to file an MSJ would be on November
27th.  I could do the deposition on the 11th, 12th, 21st, or 22nd.


Alternatively, we could make a joint motion to modify the scheduling order to have an MSJ heard after the current
deadline to hear motions and to have this deposition taken after the discovery cutoff.


We will update our service list, sorry for the mistake.

---

**From:** Nicole Pearson <nicole@fltjllp.com>
**Sent:** Wednesday, October 30, 2024 9:58 PM
**To:** Alberti, Celia <Celia.Alberti@quarles.com>; Carla <carla@fltjllp.com>; myoder@yoderlaveglia.com; Kate Ware
<kware@yoderlaveglia.com>
**Cc:** Klekowski, Corrie <Corrie.Klekowski@quarles.com>; Davis, Heather <Heather.Davis@quarles.com>; Khatib,
Summer <Summer.Khatib@quarles.com>; Farrell, Whitney W. <Whitney.Farrell@quarles.com>
**Subject:** Re: Cappuccio v. CSU | Notice of Taking Plaintiff's Deposition.pdf [QBLLP-ACTIVE.FID44269781]


Corrie:


Following up on this. Also, could you please update your Proofs of Service and my contact
information as follows? This is also what is noted on the docket, in PACER, etc.:


**Nicole Cristine Pearson**
Yoder Dreher Pearson LLP
5319 University Drive, Suite 503
Irvine, CA 92612
Phone: (949) 200 9170

Email: npearson@ydplaw.com
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

Thank you, in advance,

Nicole

_____

**From:** Nicole Pearson <nicole@fltjllp.com>
**Sent:** Tuesday, October 29, 2024 11:10 PM
**To:** Alberti, Celia <Celia.Alberti@quarles.com>; Carla <carla@fltjllp.com>; myoder@yoderlaveglia.com <myoder@yoderlaveglia.com>; Kate Ware <kware@yoderlaveglia.com>
**Cc:** Klekowski, Corrie <Corrie.Klekowski@quarles.com>; Davis, Heather <Heather.Davis@quarles.com>; Khatib, Summer <Summer.Khatib@quarles.com>; Farrell, Whitney W. <Whitney.Farrell@quarles.com>
**Subject:** Re: Cappuccio v. CSU | Notice of Taking Plaintiff's Deposition.pdf [QBLLP-ACTIVE.FID44269781]

Hi Corrie:

Confirming receipt of this Notice and letting you know that I will be in D.C. On November 20 and am not available for this deposition. Could you shoot over additional dates after Thanksgiving that I can share with Ms. Cappuccio?

Thank you, in advance,

Nicole

_____

**From:** Alberti, Celia <Celia.Alberti@quarles.com>
**Sent:** Tuesday, October 29, 2024 11:17 AM
**To:** Nicole Pearson <nicole@fltjllp.com>; Carla <carla@fltjllp.com>; myoder@yoderlaveglia.com <myoder@yoderlaveglia.com>; Kate Ware <kware@yoderlaveglia.com>
**Cc:** Klekowski, Corrie <Corrie.Klekowski@quarles.com>; Davis, Heather <Heather.Davis@quarles.com>; Khatib, Summer <Summer.Khatib@quarles.com>; Farrell, Whitney W. <Whitney.Farrell@quarles.com>
**Subject:** Cappuccio v. CSU | Notice of Taking Plaintiff's Deposition.pdf [QBLLP-ACTIVE.FID44269781]

Dear Counsel:

Please find attached for service Defendant's **NOTICE OF TAKING VIDEOTAPED DEPOSITION OF PLAINTIFF KATIE CAPPUCCIO**.

Yoder Dreher Pearson LLP Mail - Re: Cappuccio v. CSU | Notice of Taking Plaintiff's Deposition.pdf [QBELIT-ACTIVE.FID9269951]                    12/24/24, 12:46 AM

**Celia Alberti | Legal Assistant**

celia.alberti@quarles.com | D. 619-822-1472

Quarles & Brady LLP

101 West Broadway, Ninth Floor, San Diego, CA 92101-8285

quarles.com | LinkedIn

CONFIDENTIALITY NOTICE: This electronic mail transmission and any attachments are confidential and may be privileged. They should be read or
retained only by the intended recipient. If you have received this transmission in error, please notify the sender immediately and delete the transmission
from your system. This communication is not intended to constitute an electronic signature unless expressly stated otherwise.

**EXHIBIT "B"**

## PROOF OF SERVICE

**Katie Cappuccio v. California State University**
**Case No. 8:23-cv-02026-FWS-DFM**

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Diego, State of California. My business address is 101 West Broadway, Ninth Floor, San Diego, CA 92101-8285.

On October 28, 2024, I served true copies of the following document(s) described as

- **INTERROGATORIES TO PLAINTIFF KATIE CAPPUCCIO (SET ONE)**

- **DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF KATIE CAPPUCCIO (SET ONE)**

on the interested parties in this action as follows:

Nicole C. Pearson
Law Offices Of Nicole C. Pearson
3421 Via Oporto, Suite 201
Newport Beach, CA 92663
Tel: (424) 272-5526
Email: nicole@fttjllp.com

Michael A. Yoder
Yoder Laveglia LLP
8 2001 L St NW, Suite 500
Washington, D.C. 20036
Tel: (202) 875-2799
Email: rnyoder@yoderlaveglia.com

Attorneys for Plaintiff Katie Cappuccio     *pro hac vice forthcoming*

Attorneys for Plaintiff Katie Cappuccio

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address corrie.klekowski@quarles.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 28, 2024, at San Diego, California.

_____
Corrie J. Klekowski

**EXHIBIT "C"**



Nicole Pearson <npearson@ydplaw.com>

---

# Cappuccio v. CSU et al - Plaintiff's Responses to Defendants First Set of ROGS and RFP

---

**Nicole Pearson** <npearson@ydplaw.com>                                    Tue, Dec 10, 2024 at 3:00 PM
To: "Davis, Heather" <Heather.Davis@quarles.com>, "Klekowski, Corrie" <Corrie.Klekowski@quarles.com>,
summer.khatib@quarles.com
Cc: Law Clerk <clerk@ydplaw.com>
Bcc: Katie Cappuccio <katiecappuccio@yahoo.com>

Heather, Corrie:

Attached please find Ms. Cappuccio's responses to your clients' first set of Interrogatories and Requests for
Production. We received your clients re-production via your secured Quarles Share File link. Would you like us to
produce our documents using that platform as well?

Please let us know. Otherwise we can produce them via secured DropBox link or emails (several emails with
traunches of responsive documents). One of our exhibits is only available online as it is several thousand pages long.
I am not sure how to produce this to you but am open to suggestions.

Please let me know.

Thank you, in advance,
Nicole

--

**Nicole C. Pearson, Esq.**
YODER DREHER PEARSON LLP, *Partner*
5319 University Drive, Ste. 503 │ Irvine, CA 92612
tel: (949) 200-9170 │ www.ydplaw.com

---

**2 attachments**

📄 **Cappuccio - Responses to ROGS 001 FINAL.pdf**
336K

📄 **Cappuccio - Responses to RFP 001 FINAL.pdf**
373K

**EXHIBIT "D"**



Nicole Pearson <npearson@ydplaw.com>

---

## CSU/Cappuccio - Zoom Login for Cappuccio Depo Day 2 [QBLLP-ACTIVE.FID44269781]

**Nicole Pearson** <npearson@ydplaw.com>                                    Tue, Dec 24, 2024 at 4:00 PM
To: "Davis, Heather" <Heather.Davis@quarles.com>
Cc: "Gonzalez, Jennifer A." <Jennifer.Gonzalez@quarles.com>, "Zelaya, Mary Q." <Mary.Zelaya@quarles.com>,
"Klekowski, Corrie" <Corrie.Klekowski@quarles.com>, "clerk@ydplaw.com" <clerk@ydplaw.com>

Hi Heather:

Ms. Cappuccio can sit before January 13 before classes begin (recall she also works). I am available every day the
week of January 6, except the 9, as I will be in San Francisco for that other hearing.

It was my understanding we were keeping time to as close to or under 5 hours to allow for the subsequent testimony
of 2 ish hours. We are amenable to 2 hours that might run over a bit like Dr. Forgues's did, but no 3 that might spill
over to 4. Could you please confirm how much time we spent the first session so we can decide how to proceed?

Nicole

> On Tue, Dec 24, 2024 at 1:33 PM Davis, Heather <Heather.Davis@quarles.com> wrote:
>
>> Nicole,
>>
>>
>> Thank you for your response.  It appears that the parties disagree on these issues.  We will be moving
>> forward with filing an *ex parte* application seeking to continue CSU's deadline to file an MSJ.  Formal
>> papers are forthcoming.
>>
>>
>> Please confirm that Ms. Cappuccio will agree to sit for a second day of deposition on or before January
>> 17, as it impacts the relief I need to request from the Court.  I can confirm the time spent during her
>> first day of deposition.  In the meantime, are you contesting that an additional 2-3 hours is not
>> permissible?  Let me know now, so that I can seek relief on that prior to her second day of deposition
>> as well.  Plaintiff's typically sit for additional deposition time.   But I can get a court order if you think
>> that is necessary.
>>
>>
>> If you could get back to me today on the Jan. 17 date that would be helpful.
>>
>>
>> ---
>>
>> **From:** Nicole Pearson <npearson@ydplaw.com>
>> **Sent:** Tuesday, December 24, 2024 1:26 PM

Yoder Dreher Pearson Len Mail - CSU/Cappuccio - Zoom Login for Cappuccio Depo Day 2 [QBLLP-ACTIVE.FID44269781]    12/27/24, 12:50 AM

Case 8:23-cv-02026-FWS-DFM    Document 67    Filed 12/27/24    Page 20 of 32    Page ID
#:998

**To:** Davis, Heather <Heather.Davis@quarles.com>
**Cc:** Gonzalez, Jennifer A. <Jennifer.Gonzalez@quarles.com>; Zelaya, Mary Q. <Mary.Zelaya@quarles.com>; Klekowski, Corrie <Corrie.Klekowski@quarles.com>; clerk@ydplaw.com
**Subject:** Re: CSU/Cappuccio - Zoom Login for Cappuccio Depo Day 2 [QBLLP-ACTIVE.FID44269781]


Hi Heather:


Following up on our call this morning:

1. I have reached out to the court to let them know we will seek to move the hearing date. This can be done by motion, stipulation or application and must be accompanied by a declaration setting forth the reasons for the requested continuance. As I mentioned during our call, we already have another hearing set for January 9 that has been on calendar since November 26 and I must attend, in San Francisco, in person. Would you stipulate to a short continuance of the hearing date? I am available January 16 at 10 a.m., which is the following week.
2. I have read our November Joint Stipulation to Modify the Scheduling Order (Dkt. 57) and Court's Order (Dkt. 58). I do not see where our Joint Stip it (a) did not extend Ms. Cappuccio's deadline to file an MSJ, which is the same as Defendants, or (b) precludes her from filing one. It merely states that we agreed to continue the motion hearing deadline to accommodate the outstanding depositions, as well as any MSJ, which you, at that time, contemplated filing and which required a 6 week filing-to-hearing window. Nowhere did we actually or intent to waive our right to file an MSJ along those same deadlines. I also do not see any order showing that Ms. Cappuccio's deadline to file an MSJ "ran a while ago," as you stated in our call. Again, the parties' deadline to file an MSJ has always been and is the same, and was modified by our Joint Stip (Dkt. 57) and the Judge's November 27 Order (Dkt. 58) which moved the date to hear **all** motions for **all** parties until February 13, 2025. The Order states: "Last Date to **Hear** Motions, February 13, 2025, **Thursday,**" [emphasis in original]. Footnote 3 states that this date was continued "*To accommodate the request that Defendant 'CSU may file its dispositive motion on or before December 30, 2024,'" (Stipulation at 3).*" This was not a limitation on what motions could be filed or by whom, but to explain how the February 13 date was calculated, taking into consideration the requisite 6 week filing to hearing window. All this to say, **we do agree to continue the February 13 deadline due to our inability to attend Ms. Cappuccio's second session of deposition yesterday; however, we do not agree to limit that extension to the filing of Defendants' MSJ, only, or to MSJ's, only, for that matter.** I believe the Court's Order is clear: the deadline to hear any and all motions filed by any and all parties is February 13, 2025. We can continue that deadline to accommodate Ms. Cappuccio's second session of deposition, and for any MSJ to be filed by either party.
3. I note in your email, below, you state Ms. Cappuccio is required to sit for an additional 2-3 hours. Could you please advise for how long she sat during her first session already?

Please let me know if you have any questions, or care to discuss further. I am working today until 5 p.m.


Best,

Nicole


On Mon, Dec 23, 2024 at 9:46 PM Nicole Pearson <npearson@ydplaw.com> wrote:

Heather:

Yoder Dreher Pearson LLP Mail - CSU/Cappuccio - Zoom Login for Cappuccio Depo Day 2 [QBLLP-ACTIVE.FID44269781]          12/27/24, 12:50 AM

Attached are my proposed edits to the Joint Stip. The reason for. my delay is I wanted to explain -- and ask that we include -- and research how to request a continuance on your clients' Motion for Leave to Amend. I already have a hearing that date that has been set since November 26. (Motion to Dismiss). Please let me know if you are amenable to the same, and call me tomorrow if you have any questions. I will be out of the office, again, so cell phone is best. (Assuming I can get to it). Also, please note I made the dispositive motion deadline mutual or reciprocal, as we intend to file an MSJ as well.

Thank you, again, for your patience and help on this.

Best,

Nicole

On Mon, Dec 23, 2024 at 4:20 PM Davis, Heather <Heather.Davis@quarles.com> wrote:

> Hi Nicole, following up on this.  I was hoping to get the stipulation on file today, or tomorrow at the latest, to give the Court time to review before our current MSJ deadline runs in light of the holiday.  Let me know if I can file with your e-signature.  Thanks.
>
> ---
>
> **From:** Davis, Heather <Heather.Davis@quarles.com>
> **Sent:** Monday, December 23, 2024 12:43 PM
> **To:** Nicole Pearson <npearson@ydplaw.com>
> **Cc:** Gonzalez, Jennifer A. <Jennifer.Gonzalez@quarles.com>; Zelaya, Mary Q. <Mary.Zelaya@quarles.com>; Klekowski, Corrie <Corrie.Klekowski@quarles.com>; clerk@ydplaw.com
> **Subject:** RE: CSU/Cappuccio - Zoom Login for Cappuccio Depo Day 2 [QBLLP-ACTIVE.FID44269781]
>
> Nicole, here's the draft stipulation.  I'll send you a quick text as well, to let you know this is here. Let me know if you have proposed changes, or if I have permission to file this with your e-signature.
>
> Once you have an idea on Ms. Cappuccio's availability, let me know, so we can hold open a date. Thank you.
>
> ---
>
> **From:** Davis, Heather
> **Sent:** Monday, December 23, 2024 9:26 AM
> **To:** Nicole Pearson <npearson@ydplaw.com>
> **Cc:** Gonzalez, Jennifer A. <Jennifer.Gonzalez@quarles.com>; Zelaya, Mary Q.

<mary.zelaya@quarles.com>; Klekowski, Corrie <Corrie.Klekowski@quarles.com>; clerk@ydplaw.com
**Subject:** RE: CSU/Cappuccio - Zoom Login for Cappuccio Depo Day 2 [QBLLP-ACTIVE.FID44269781]


Nicole,


On the timing of Ms. Cappuccio's rescheduled deposition, I don't have availability until January 7. I am generally open on January 7 and 8, and most of the week of January 13. Let me know what works for Ms. Cappuccio for a 2-3 hour remote time block. If we can complete her deposition before January 17, then we could make the new MSJ deadline January 31. Is that agreeable?


On the subpoenaed documents, you mentioned to me at Ms. Cappuccio's last deposition that I could try getting the medical docs she mentioned directly from Kaiser, so that was why we served those. I thought we were on the same page with that, but let me know if there's an issue. I don't have authority to reopen nonexpert discovery right now.


---

**From:** Nicole Pearson <npearson@ydplaw.com>
**Sent:** Monday, December 23, 2024 7:57 AM
**To:** Davis, Heather <Heather.Davis@quarles.com>
**Cc:** Gonzalez, Jennifer A. <Jennifer.Gonzalez@quarles.com>; Zelaya, Mary Q. <Mary.Zelaya@quarles.com>; Klekowski, Corrie <Corrie.Klekowski@quarles.com>; clerk@ydplaw.com
**Subject:** Re: CSU/Cappuccio - Zoom Login for Cappuccio Depo Day 2 [QBLLP-ACTIVE.FID44269781]


Hi Heather:


We are amenable to extending the MSJ deadline; however, I note you issued subpoenas after the discovery cut off date passed, which we are objecting to for that reason, among others. If you want to open up the non discovery cut off date to allow for those, we can include that in the stip, as well.


I'll be checking emails today, but since I'm juggling 3 sick kids, if you want to shoot me a quick text when the stip has been emailed over thay might be best. I believe you have my cell but if not: 949 278 6722


You can also call to discuss any of this further. I'll work on new dates from Ms. Cappuccio so we can include that in the stip. Any timeframe you have in mind?

I appreciate your understanding and assistance with this, Heather.


Talk soon,

Nicole


On Sun, Dec 22, 2024 at 9:48 PM Davis, Heather <Heather.Davis@quarles.com> wrote:

Hi Nicole,


I am so sorry to hear about the sicknesses for both your kids and Ms. Cappuccio's.  There are some really horrible things going around right now.  I hope everyone makes a full recovery.


I will let the court reporter know that the deposition is off, but expect that given the hour, we will likely be charged a same-day cancellation fee.  Thank you for offering to pay that.  I'll figure out what the cost is and will let you know the details.


Since Ms. Cappuccio's deposition will not be happening tomorrow, we need to seek another continuance of CSU's MSJ deadline, which is currently December 30.  It seems unlikely that we will be able to reschedule Ms. Cappuccio's deposition prior to that deadline, and we need at least a week or two in between her deposition and the deadline to finish drafting the MSJ.  Please let me know if this is agreeable and I will do the legwork in putting together a draft for your review and can handle filing.


Please also let me know Ms. Cappuccio's earliest availability to reschedule the deposition.  We can still plan to do it remotely for approximately 2 or 3 hours.  Once we have a new date for her depo, we can back into the new MSJ deadline.


I would prefer to have all this on file tomorrow, is possible, given the holiday court closures.


Let me know if you'd like to chat about any of this, and I hope everyone gets better soon.


Best,

**From:** Nicole Pearson <npearson@ydplaw.com>
**Sent:** Sunday, December 22, 2024 9:19 PM
**To:** Davis, Heather <Heather.Davis@quarles.com>
**Cc:** Gonzalez, Jennifer A. <Jennifer.Gonzalez@quarles.com>; Zelaya, Mary Q. <Mary.Zelaya@quarles.com>; Klekowski, Corrie <Corrie.Klekowski@quarles.com>; clerk@ydplaw.com
**Subject:** Re: CSU/Cappuccio - Zoom Login for Cappuccio Depo Day 2 [QBLLP-ACTIVE.FID44269781]

Hi Heather:

My apologies for the late email, but I have to cancel tomorrow's deposition. Every one of my three children are sick: 1 strep, 1 flu **and** strep, and my 1.5 yo son just spiked a fever, with diagnosis TBD. **On top of that** my sitter called out because she is sick too, **and** -- *yes, and* -- when I called Ms. Cappuccio to let her know all of this, she could not answer my call because she was bathing her son who has a 103 degree fever. Tragic....

I understand this is last minute and will eat the cancellation fee if any. Feel free to share these details with your reporting service. I also have all our children's doctors notes and test results from the **three** urgent care visits we have had over the last 5 days. And, no, that does not include my son... yet. Hopefully they have an emergency provision like our provider does, but, if not, please put me in contact with whoever I need to speak to to handle any charges you incur.

Thank you, in advance, for your understanding. Please call me if you have any questions. I hope you and your kids are doing better than ours...

Sincerely,

Nicole

**EXHIBIT "E"**

Yoder Dreher Pearson LLP Mail - CSU/Cappuccio - Zoom Login for Cappuccio Depo Day 2 [QBLLP-ACTIVE.FID44269781]    12/27/24, 12:53 AM



Nicole Pearson <npearson@ydplaw.com>

---

# CSU/Cappuccio - Zoom Login for Cappuccio Depo Day 2 [QBLLP-ACTIVE.FID44269781]

---

**Nicole Pearson** <npearson@ydplaw.com>                    Mon, Dec 23, 2024 at 9:46 PM
To: "Davis, Heather" <Heather.Davis@quarles.com>
Cc: "Gonzalez, Jennifer A." <Jennifer.Gonzalez@quarles.com>, "Zelaya, Mary Q." <Mary.Zelaya@quarles.com>,
"Klekowski, Corrie" <Corrie.Klekowski@quarles.com>, "clerk@ydplaw.com" <clerk@ydplaw.com>
Bcc: Katie Cappuccio <katiecappuccio@yahoo.com>

Heather:

Attached are my proposed edits to the Joint Stip. The reason for. my delay is I wanted to explain -- and ask that we include -- and research how to request a continuance on your clients' Motion for Leave to Amend. I already have a hearing that date that has been set since November 26. (Motion to Dismiss). Please let me know if you are amenable to the same, and call me tomorrow if you have any questions. I will be out of the office, again, so cell phone is best. (Assuming I can get to it). Also, please note I made the dispositive motion deadline mutual or reciprocal, as we intend to file an MSJ as well.

Thank you, again, for your patience and help on this.

Best,
Nicole
[Quoted text hidden]

---

 **Joint Stipulation to Continue MSJ Deadline rev NCP.docx**
54K

---

1   CORRIE J. KLEKOWSKI (SBN 251338)
    corrie.klekowski@quarles.com
2   HEATHER C. DAVIS (SBN 307850)
    heather.davis@quarles.com
3   SUMMER KHATIB (SBN 352838)
    Summer.Khatib@quarles.com
4   **QUARLES & BRADY LLP**
    101 West Broadway, Ninth Floor
5   San Diego, California 92101-8285
    Telephone: 619-237-5200
6   Facsimile: 619-615-0700

7   Attorneys for Defendants THE BOARD
    OF TRUSTEES OF THE CALIFORNIA
8   STATE UNIVERSITY (incorrectly sued
    as "CALIFORNIA STATE UNIVERSITY
9   FULLERTON") and DAVID FORGUES

10  NICOLE C. PEARSON (SBN 265350)
    npearson@ydplaw.com
11  **YODER DREHER PEARSON, LLP**
    5319 University Drive, Ste. 503
12  Irvine, CA 92612
    Telephone: (949) 200 9170
13
    Attorneys for Plaintiff Katie Cappuccio
14

15          **UNITED STATES DISTRICT COURT**

16      **CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

17

18  KATIE CAPPUCCIO,                    Case No. 8:23-cv-02026-FWS-DFM

19          Plaintiff,                  **JOINT STIPULATION TO
                                        MODIFY SCHEDULING ORDER**
20      v.                              **(DKT 58) AND CONTINUE
                                        HEARING ON DEFENDANTS'**
21  CALIFORNIA STATE UNIVERSITY,        **MOTION FOR LEAVE TO AMEND
    FULLERTON, and DAVID                (DKT 60, 61)**
22  FORGUES, in his individual capacity
    and office capacity as Vice President of   Judge:       Hon. Fred W. Slaughter
23  Human Resources,                    Crtrm.:      Santa Ana, 10D
                                        Magistrate:  Douglas F. McCormick
24          Defendants.                 Crtrm:       Santa Ana, 6B

25
                                            **EXEMPT FROM FEES
26                                           GOVT. CODE § 6103**

27

28
                                                            Deleted: (DKT 22)
─────────────────────────────────────────
                                Case No. 8:23-cv-02026-FWS-DFM
    JOINT STIPULATION TO MODIFY SCHEDULING ORDER AND CONTINUE HEARING

This Joint Stipulation is made by and between Plaintiff Katie Cappuccio ("Plaintiff") and Defendant the Board of Trustees of the California State University ("CSU"), through their respective counsel, in light of the following facts:

**RECITALS**

1.    On November 26, 2024, the Parties filed their first Joint Stipulation to Modify the Scheduling Order. Dkt. 57. In doing so, they sought to take the depositions of Plaintiff and Defendant David Forgues after the non-expert discovery cut off. The stipulation also sought to allow CSU to file its dispositive motion on or before December 30, 2024, which was after the dispositive motion deadline at that time. The Court issued an Order Re Joint Stipulation to Modify Scheduling Order allowing these modifications to the Scheduling Order. Dkt. 58.

2.    Plaintiff's deposition was scheduled for December 11, 2024. The night before her deposition (December 10), Plaintiff produced responses to Defendants' first sets of Interrogatories and Requests for Production, and a document production that had not been previously produced. CSU contends the discovery responses were late and should have been received two weeks earlier. Plaintiff contends that she did not receive service of the discovery requests because they were sent to her old firm's email. CSU contends that she was still using the email address at the time of service and that service was proper. Putting aside the Parties' positions regarding service of CSU's discovery requests, Plaintiff produced verified responses and produced documents within five (5) days of receiving notice that Defendants had attempted to serve her with discovery. Because CSU did not receive Plaintiff's responses and documents until the night before the deposition, CSU was unable to review the responses or to incorporate questions regarding them into Plaintiff's December 11 deposition and Plaintiff agreed to allow Defendant to conduct a second day of Plaintiff's deposition on December 23, 2024.

3.    Plaintiff deposed David Forgues on December 17, 2024.

4.    Plaintiff's second deposition was scheduled for December 23, 2024.

Deleted: discovery

Deleted: she changed her email

Deleted: because

Deleted: . To remedy the late discovery, the

Deleted: Parties

Deleted: without any issue

However, at 9:20 p.m. the night before the deposition, Plaintiff's counsel informed CSU's counsel that she would not be able attend because her three children and her childcare / nanny / babysitter were severely and unexpectedly ill. In exchange for the last minute cancelation, Plaintiff offered to pay any fee CSU incurred due to the last-minute cancellation, and to reschedule her deposition for another mutually agreeable date. She also agreed to continue CSU's dispositive motion deadline to allow CSU time to take her second day of deposition, and to review and incorporate the transcript into its motion.

5.    The Parties are in the process of selecting a second date for Plaintiff's deposition, but expect to schedule it on or before January 17, 2025.

6.    To accommodate Plaintiff's second deposition, and to allow the Parties time to receive a certified copy of her deposition transcript, Plaintiff has agreed to allow the Parties to file any dispositive motion on or before January 31, 2025.

7.    The Parties also met and conferred and agreed that Defendants' Motion for Leave to Amend its Answer, which was filed on December 12, 2024 (Dkt. 60) be continued from January 9, 2025 to a date convenient to the Court, given that Plaintiff's counsel has a previously-calendared hearing set for the same day. (Motion to Dismiss in *Yaghoubi v. County of San Mateo, et al.,* Case No. 3:24-cv-06725-JD, set on November 26, 2024).

8.    IS THERE ANYTHING ELSE YOU WANT TO ADD IN HERE?

9.    The Parties file the instant stipulation pursuant to Local Rule 7-1, and request the Court issue an order modifying the current Scheduling Order as specified below.

10.    This request to modify the scheduling order, and to continue the hearing on Defendants' Motion for Leave to Amend, is made in good faith and after thorough meet and confer by the Parties.

/ / /

/ / /

---

**Deleted:** neither Plaintiff nor her attorney were able to

**Deleted:** the deposition because Plaintiff's one child and Plaintiff's counsel's

**Commented [NP1]:** what is the appropriate term now?

**Commented [NP2]:** I struck the part about Plaintiff's child being ill because she said she would have made it work, but I could not.

**Deleted:** Both Plaintiff and her counsel needed to stay home to take care of their children.

**Deleted:** agreed

**Deleted:** agreed

**Deleted:** Plaintiff

**Deleted:**

**Deleted:** CSU

**Deleted:** CSU

**Deleted:** its

**Deleted:**

**Formatted:** Font: (Default) Times New Roman

**Formatted:** Font: (Default) Times New Roman

**Formatted:** Font: (Default) Arial, Font color: Custom Color(RGB(34,34,34))

**Deleted:** 9.

**Deleted:**

**Formatted:** Indent: First line:  0"

**STIPULATION**

1    NOW, THEREFORE, Plaintiff and CSU hereby stipulate and agree through

their counsel of record to modify the Scheduling Order (Dkt. 58) and continue the

hearing on Defendants' Motion for Leave to Amend (Dkt. 60, 61) as follows:

1.    CSU may take Plaintiff's second deposition on or before January 17,

2025.  Should an unforeseen scheduling issue arise on a subsequent date, the Parties

agree to conduct a thorough meet and confer to resolve the issue and decide upon a

mutually agreeable date to continue the deposition.

2.    The Parties may file any dispositive motions on or before January 31,

2025. The Parties agree to request the earliest available hearing date with the Court,

and shall serve its dispositive motion at least six weeks before the hearing date.

3.    Aside from the dates specifically mentioned herein, the Parties are not

requesting to modify any other dates reflected in the Scheduling Order.

4.    Defendants' Motion for Leave to Amend shall be continued from

January 9, 2025, to a date and time convenient to the Court.

Dated:  December 23, 2024          QUARLES & BRADY LLP


By:  */s/ Heather C Davis*
          CORRIE J. KLEKOWSKI
          HEATHER C. DAVIS
          SUMMER KHATIB
          Attorneys for Defendant THE BOARD OF
          TRUSTEES OF THE CALIFORNIA
          STATE UNIVERSITY (incorrectly sued as
          "CALIFORNIA STATE UNIVERSITY
          FULLERTON") and DAVID FORGUES

---

Deleted: CSU

Deleted: its

Deleted: CSU

Deleted: s

Deleted: CSU

Deleted: / / /¶

Dated:  December 23, 2024          YODER DREHER PEARSON, LLP

                                   By: _____
                                        NICOLE C. PEARSON
                                        Attorneys for Plaintiff Katie Cappuccio

/ / /

## SIGNATURE CERTIFICATION

Pursuant to L.R. 5-4.3.4(a)(2)(i), I hereby certify that the content of this document is acceptable to Nicole Pearson, counsel for Plaintiff Katie Cappuccio, and that my office has obtained Ms. Pearson's authorization to affix her electronic signature to this document.

1   Dated:  December 23, 2024     QUARLES & BRADY LLP

2

3                    By:     */s/ Heather C. Davis*

4                       CORRIE J. KLEKOWSKI
                        HEATHER C. DAVIS

5                       Attorneys for Defendant The Board of
                       Trustees of the California State University

6                       (erroneously sued as "California State
                       University, Fullerton")

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28