_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:23-cv-02026-FWS-DFM                                     Date: January 13, 2025
Title: Katie Cappuccio v. California State University, Fullerton *et al.*

_____

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:            Attorneys Present for Defendant:

Not Present                                                Not Present

**PROCEEDINGS:   (IN CHAMBERS) ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S *EX PARTE* APPLICATION [71]**

Before the court is Plaintiff Katie Cappuccio's ("Plaintiff") *Ex Parte* Application for Relief from Court's Order Granting Defendant's Motion for Leave to Amend, or, in the Alternative, an Order Re-Opening Discovery and Modifying the Scheduling Order ("Application"). (Dkt. 71.) Defendant California State University, Fullerton ("Defendant") opposed the Application. (Dkt. 72.) The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Based on the state of the record, the Application is **GRANTED IN PART AND DENIED IN PART**.

### I.   Background

In the First Amended Complaint ("FAC"), Plaintiff asserts claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, California's Fair Housing and Employment Act, Cal. Gov't Code § 12940, and 42 U.S.C. §1983, based on an alleged violation of the First Amendment to the United States Constitution. (Dkt. 17 ¶¶ 71-154.) On July 24, 2024, Defendant answered the FAC and asserted twelve affirmative defenses. (*See generally* Dkt. 49.)

_____

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-02026-FWS-DFM　　　　　　　　　　　　　　　　　Date: January 13, 2025
Title: Katie Cappuccio v. California State University, Fullerton *et al.*

___

Approximately six months later, on December 12, 2024, Defendant filed a motion to amend the scheduling order and file an amended answer that included two additional affirmative defenses ("Motion to Amend"). (*See* Dkt. 60.) Plaintiff failed to oppose the Motion to Amend in the timeframe set by the Central District of California's Local Rules, or by December 19, 2024. *See* L.R. 7-9.

On December 24, 2024, Defendant filed an *ex parte* application requesting that the court continue the deadline for Defendant to file a motion for summary judgment from December 30, 2024, to January 31, 2025, and order Plaintiff to sit for her second day of deposition on or before January 17, 2025. (Dkt. 62 at 4-10.) Defendant argued *ex parte* relief was necessary because Defendant could not prepare a motion for summary judgment prior to the taking Plaintiff's second deposition and was unable to take Plaintiff's second deposition on December 23, 2024, the date previously agreed to by the parties, due to family emergencies on the part of Plaintiff and Plaintiff's counsel. (*Id.*)

On December 26, 2024, the court filed an order granting Defendant's Motion to Amend ("December 26, 2024, Order"). (Dkt. 68.) After the court filed the December 26, 2024, Order but before it was docketed, Plaintiff filed an untimely opposition to the Motion to Amend. (Dkt. 65.) Later that same day, the court issued an order granting Defendant's *ex parte* application and continuing the deadline for Defendant to file a motion for summary judgment from December 30, 2024, to January 30, 2025. (Dkt. 63 at 3-4.) Two weeks later, on January 9, 2025, Plaintiff filed the Application, seeking reconsideration of the court's December 26, 2024, Order. (Dkt. 71 at 1-2.)

**II.　　Legal Standard**

*Ex parte* applications are "rarely justified." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). To justify *ex parte* relief, the moving party must establish: (1) that their cause of action will be irreparably prejudiced if the underlying motion is heard according to regular noticed procedures; and (2) that they are without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect. *Id.* at 492-93. In *Horne v. Wells Fargo Bank, N.A.*, the district court discussed the legal standard for *ex parte* applications:

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-02026-FWS-DFM                           Date: January 13, 2025
Title: Katie Cappuccio v. California State University, Fullerton *et al.*

> The "opportunities for legitimate *ex parte* applications are extremely limited." *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989); *see also Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 489 (C.D. Cal. 1995) (stating that to be proper, an *ex parte* application must demonstrate that there is good cause to allow the moving party to "go to the head of the line in front of all other litigants and receive special treatment").
>
> . . .
>
> The use of such a procedure is justified only when (1) there is a threat of immediate or irreparable injury; (2) there is danger that notice to the other party may result in the destruction of evidence or the party's flight; or (3) the party seeks a routine procedural order that cannot be obtained through a regularly noticed motion (i.e., to file an overlong brief or shorten the time within which a motion may be brought).

969 F. Supp. 2d 1203, 1205 (C.D. Cal 2013). The *Horne* court also reiterated the dangers of *ex parte* applications:

> [E]x parte applications contravene the structure and spirit of the Federal Rules of Civil Procedure and the Local Rules of this court. Both contemplate that noticed motions should be the rule and not the exception. Timetables for the submission of responding papers and for the setting of hearings are intended to provide a framework for the fair, orderly, and efficient resolution of disputes. Ex parte applications throw the system out of whack. They impose an unnecessary administrative burden on the court and an unnecessary adversarial burden on opposing counsel who are required to make a hurried response under pressure, usually for no good reason. They demand priority consideration, where such consideration is seldom deserved. In effect, they put the applicant 'ahead of the pack,' without cause or justification.

*Id.* (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-02026-FWS-DFM                                      Date: January 13, 2025
Title: Katie Cappuccio v. California State University, Fullerton *et al.*

### III. Discussion

In the Application, Plaintiff requests the court reconsider its December 26, 2024, order, or, alternatively, reopen discovery and continue all deadlines in the operative scheduling order by at least 120 days to allow the parties to conduct discovery into Defendant's new affirmative defenses. (Dkt. 71 at 1-2.) Plaintiff argues *ex parte* relief is necessary because Plaintiff requires fact and expert discovery to address Defendant's new affirmative defenses, the deadline to conduct fact discovery passed on November 28, 2024, and the deadline to conduct expert discovery deadline passed the same day the Application was filed, January 9, 2025. (*Id.* at 16.) Defendant argues that Plaintiff has failed to meet both prongs of the *ex parte* standard because: (1) Plaintiff has not identified any irreparable prejudice given that both discovery deadlines have already passed; and (2) Plaintiff's counsel created the crisis that requires *ex parte* relief by failing to timely oppose the Motion to Amend. (Dkt. 72 at 4, 9-11.)

As an initial matter, the court is concerned by the tenor of the parties' recent filings and the parties' meet and confer efforts.[1] The court notes that in the past month, alone, the parties have filed a motion to amend, two *ex parte* applications, and a motion for reconsideration. (*See, e.g.*, Dkts. 60, 62, 71.) Both parties assert various exigent circumstances necessitated these filings, yet neither party is willing to credit or accommodate the opposing party's exigent circumstances. (*See, e.g.*, Dkt. 71 at 19-20; Dkt. 72 at 8 n.1, 11-12.) It appears at

---

[1] For example, Defendant argues that the court should deny the Application because Plaintiff violated Local Rule 7-19.1 by failing to meet and confer with Defendant by telephone before filing the Application. (Dkt. 72 at 8-9.) Local Rule 7-19.1 requires that attorneys filing *ex parte* applications "make reasonable, good faith efforts *orally* to advise counsel for all other parties . . . of the date and substance of the proposed *ex parte* application." L.R. 7-19.1(a) (emphasis added). Although Plaintiff's counsel failed to orally advise Defendant of the substance of the Application, the court, in its discretion, declines to deny the Application on that basis, particularly because the parties corresponded at length regarding the substance of Plaintiff's Application. (*See, e.g.*, Dkt. 71, Exh. F at 102-13.) However, the court advises Plaintiff that any future failure to comply with the Local Rules' meet and confer requirements may result in the court denying Plaintiff's request for relief without prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-02026-FWS-DFM                           Date: January 13, 2025
Title: Katie Cappuccio v. California State University, Fullerton *et al.*

---

least some of these filings could have been mooted by additional meet and confer efforts on the part of both parties. The court advises both parties that it will strictly enforce the Local Rules' applicable meet and confer requirements as to future filings and urges the parties to conduct more thorough meet and confer efforts going forward.

The court turns to Plaintiff's request for *ex parte* relief. Although Plaintiff's stated reasons for seeking *ex parte* relief are not persuasive, the court finds *ex parte* relief is warranted here. The court finds Plaintiff would be irreparably prejudiced if her requests were heard according to regular noticed motion procedures because Plaintiff likely could not obtain the relief requested in the Application before Defendant's deadline to file a motion for summary judgment on January 30, 2025. (*See* Dkt. 63 at 3-4.) Second, for the reasons discussed below, the court finds Plaintiff has demonstrated that the crisis necessitating *ex parte* relief occurred as a result of counsel's excusable neglect. *See* section III.A.1, *infra*. Therefore, the court will consider Plaintiff's requests for reconsideration, to continue various dates in the Scheduling Order, and to re-open discovery on an *ex parte* basis.

    A.   <u>Motion for Reconsideration</u>

Plaintiff seeks reconsideration of the court's December 26, 2024, Order under Federal Rule of Civil Procedure 60(b)(1). (Dkt. 71 at 17-20.) In that order, the court noted that Plaintiff's failure to timely oppose was sufficient grounds to grant the Motion to Amend under Local Rule 7-12 but proceeded to evaluate the merits of the Motion to Amend. (Dkt. 62 at 3); *see also* L.R. 7-12 ("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ."). The court concluded that Defendant demonstrated sufficient good cause to amend the operative scheduling order and that the *Foman* factors weighed in favor of granting Defendant leave to file an amended answer.[2] (Dkt. 62 at 3.)

Plaintiff argues reconsideration is appropriate because the December 26, 2024, Order did not consider Plaintiff's opposition to the Motion to Amend, Plaintiff's failure to timely oppose

---

[2] The court incorporates by reference the legal standards, findings, and conclusions set out in the December 26, 2024, Order.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-02026-FWS-DFM                              Date: January 13, 2025
Title: Katie Cappuccio v. California State University, Fullerton *et al.*

the Motion to Amend was due to excusable neglect on the part of Plaintiff's counsel, and Plaintiff's opposition demonstrates that the court should have denied the Motion to Amend. (Dkt. 71 at 17-20.) Defendant argues that Plaintiff has failed to demonstrate a change in law, new evidence, or clear error justifying reconsideration.[3] (Dkt. 72 at 11-12.)

         1.     *Excusable Neglect*

Under Rule 60(b)(1), the court may "relieve a party or its legal representative from a final judgment, order, or proceeding" due to "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). As relevant here, excusable neglect "encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). In determining whether circumstances constitute excusable neglect, the court considers: (1) "the danger of prejudice to the [non-moving party]"; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within the reasonable control of the movant"; and (4) "whether the movant acted in good faith." *Iopa v. Saltchuk-Young Bros., Ltd.*, 916 F.3d 1298, 1301 (9th Cir. 2019) (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 395). "[C]ourts engaged in balancing [these] factors may not apply per se rules," *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010), but rather must "determine the issue of excusable neglect within the context of the particular case," *Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir. 2004) (en banc); *see also Pioneer Inv. Servs. Co.*, 507 U.S. at 395 (stating the four-factor test for excusable neglect is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.").

The court finds the *Pioneer* factors weigh in favor of finding excusable neglect. First, Defendant would not be prejudiced if the court reconsidered the Motion to Amend in light of the arguments presented in Plaintiff's untimely opposition. *See, e.g., Ahanchian*, 624 F.3d at

---

[3] Defendant argues that Plaintiff has failed to demonstrate sufficient grounds for reconsideration under Federal Rule of Civil Procedure 59(e) or Local Rule 7-18. (Dkt. 72 at 11-12.) Because the court finds Plaintiff is entitled to reconsideration under Rule 60(b)(1), and Plaintiff does not request relief under any other rule, the court does not address whether Plaintiff would be entitled to relief under Rule 59(e) or Local Rule 7-18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-02026-FWS-DFM　　　　　　　　　　　　　Date: January 13, 2025
Title: Katie Cappuccio v. California State University, Fullerton *et al.*

1262 (concluding "defendants would not have been prejudiced by a week's delay in the filing of the opposition and a concomitant week extension to file a reply" because defendants would have, at most, "won a quick but unmerited victory"); *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224-25 (9th Cir. 2000) (concluding that any prejudice to defendants resulting from allowing plaintiff to oppose a motion for summary judgment was "minimal" where granting relief under Rule 60(b)(1) would only deprive defendants of "a quick victory" or require a continuation of the trial date).

Second, Plaintiff's one-week delay in filing her opposing brief and subsequent two-week delay in seeking relief under Rule 60(b)(1) was minimal and did not substantially delay the proceedings in this matter. *See, e.g.*, *Bateman*, 231 F.3d at 1225 (finding one-month delay in bringing Rule 60(b)(1) motion weighed in favor of granting relief).

Third, although Plaintiff's reason for delay, namely counsel's mistake in calculating the deadline to file an opposing brief under the Local Rules, was within counsel's control,[4] the Ninth Circuit has twice concluded that comparable circumstances did not preclude a finding of excusable neglect. *See, e.g.*, *Ahanchian*, 624 F.3d at 1262 ("[W]hile a calendaring mistake caused by the failure to apply a clear local rule may be a weak justification for an attorney's delay, we have previously found the identical mistake to be excusable neglect."); *Pincay*, 389 F.3d at 859 (affirming district court's determination that counsel's failure to timely file an appeal was due to excusable neglect but recognizing that "a lawyer's failure to read an applicable rule is one of the least compelling excuses that can be offered").

Fourth, the court finds insufficient evidence suggesting that Plaintiff acted in bad faith in failing to timely file her opposition and notes that delaying conferred no tactical advantage on

---

[4] Plaintiff suggests that counsel's failure to timely file the opposition was due to exigent circumstances involving counsel's family. (Dkt. 71 at 5; Dkt. 71-1 ("Davis Declaration") ¶¶ 11-13, 21.) The court is sympathetic to the difficulties described in counsel's declaration and recognizes that these circumstances likely contributed to Plaintiff's failure to timely oppose. However, the court observes that counsel had notice of the deadline to file an opposing brief from the time Defendant filed the Motion to Amend on December 12, 2024, prior to the exigent circumstances described in counsel's declaration. (*See, e.g.*, Davis Declaration ¶¶ 11-13.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-02026-FWS-DFM                                   Date: January 13, 2025
Title: Katie Cappuccio v. California State University, Fullerton *et al.*

Plaintiff.  *See Pincay*, 389 F.3d at 861 (Berzon, J., concurring) ("The good faith consideration goes to the absence of tactical or strategic motives, not to the degree of negligence.").

On balance, the *Pioneer* factors weigh in favor of finding that Plaintiff's failure to timely oppose the Motion to Amend was due to excusable neglect.  Given this finding, and the fact that "Rule 60(b) is remedial in nature" and "must be liberally applied," *Ahanchian*, 624 F.3d at 1262 (internal quotation marks and citation omitted), the court concludes that reconsideration of the Motion to Amend is appropriate.

    2.    *Reconsideration*

In the Motion to Amend, Defendant seeks leave to amend the operative scheduling order and file an amended answer that asserts two new affirmative defenses—undue burden and business necessity.  (Dkt. 60 at 6.)  In the December 26, 2024, Order, the court determined that Defendant demonstrated sufficient diligence to amend the operative scheduling order and that three of the four *Foman* factors—prejudice to the opposing party, bad faith, and futility—weighed in favor of granting Defendant leave to amend its answer.  (Dkt. 62 at 2-4.)  The court concluded the fourth factor—undue delay—weighed against granting leave to amend because the record suggested that "Defendant knew or should have known of the facts underlying these defenses prior to filing the answer."  (*Id.* at 4.)

In her opposing brief, Plaintiff principally challenges the court's findings with respect to the *Foman* factors, arguing that the court should have denied leave to amend under Federal Rule of Civil Procedure 15 because Defendant unduly delayed, acted in bad faith, and Plaintiff would be prejudiced if Defendant was allowed to assert new affirmative defenses at this stage of the proceedings.[5]  (Dkt. 65 at 10-13.)  Because Plaintiff's argument that Defendant unduly delayed

---

[5] Plaintiff briefly argues that Defendant has failed to demonstrate good cause because the circumstances that caused Defendant's delay in raising these defenses are not true; specifically, Plaintiff asserts that "defense counsel, Ms. Davis, was "working on the case while out on [maternity] leave." (Dkt. 65 at 9-10.)  The court previously determined that Defendant provided sufficient evidence, in the form of sworn declarations from defense counsel, showing that "it could not reasonably meet the August 1, 2024, deadline to amend the pleadings given trial

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-02026-FWS-DFM                        Date: January 13, 2025
Title: Katie Cappuccio v. California State University, Fullerton *et al.*

is consistent with the court's prior findings, (Dkt. 62 at 4), the court considers only Plaintiff's arguments regarding bad faith and prejudice.

    First, the court finds Plaintiff has failed to demonstrate any bad faith on Defendant's part. Plaintiff argues that Defendant acted in bad faith by repeatedly declining Plaintiff's offers to reopen discovery and arguing that adding these defenses would not result in prejudice to Plaintiff. (Dkt. 65 at 11-12.) These arguments are unrelated to Defendant's proposed amendments and do not suggest that Defendant sought to amend in bad faith, especially because Plaintiff, not Defendant, bears the burden of establishing any prejudice resulting from the amendments. *See, e.g.*, *Wizards of the Coast LLC v. Cryptozoic*, 309 F.R.D. 645, 651 (W.D. Wash. 2015) ("In the context of a motion for leave to amend, 'bad faith' means acting with intent to deceive, harass, mislead, delay or disrupt."); *Pizana v. SanMedica Int'l LLC*, 345 F.R.D. 469, 482 (E.D. Cal. 2022) ("The party opposing leave to amend bears the burden of showing prejudice, futility, or one of the other permissible reasons for denying a motion to amend.") (internal quotation marks and citations omitted).

    Next, the court considers whether allowing Defendant to amend its answer to add two additional affirmative defenses would cause prejudice to Plaintiff. The court may find prejudice where "an amendment would deny a [party] an adequate opportunity to prepare [their] defense, would result in surprise, or would result in increased discovery burdens, such as a need to reopen discovery or potential loss of evidence due to the passage of time." *Hansen Beverage Co. v. Nat'l Beverage Corp.*, 2007 WL 9747720, at *2 (C.D. Cal Feb. 12, 2007); *see also Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("A need to reopen discovery and therefore delay the proceedings support a district court's finding of prejudice from a delayed motion to amend the [pleadings]."). Plaintiff argues she would be

---

counsel's absence for maternity leave and counsel's family crises." (Dkt. 62 at 2-3; *see also* Dkt. 72 at 8 n.1.) Defendant provided a similar declaration attesting to these circumstances in opposing the Application. (*See, e.g.*, Dkt. 72-1 ¶¶ 1-3.) Plaintiff's unsubstantiated arguments are not well-taken and do not alter the court's findings regarding Defendant's diligence. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (stating Rule 16(b)'s "good cause" standard "primarily considers the diligence of the party seeking the amendment" and "[t]he focus of the inquiry is upon the moving party's reasons for seeking modification").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-02026-FWS-DFM  Date: January 13, 2025
Title: Katie Cappuccio v. California State University, Fullerton *et al.*

prejudiced because she would require discovery into whether "granting her exemption request would have caused an 'undue hardship' on [Defendant's] operations;" "whether denying her request was necessary for [Defendant's] safe and efficient operation;" and "whether there was no acceptable alternative, or it was a 'business necessity.'" (Dkt. 65 at 13.) However, the court finds that Plaintiff has failed to demonstrate prejudice because Plaintiff fails to identify what particular discovery, if any, she would need to oppose Defendant's defenses. (*See generally id.*) In sum, the court concludes that Plaintiff's opposition provides insufficient grounds to alter the court's findings in the December 26, 2024, Order, and thus Defendant properly filed an amended answer. Accordingly, the Application is **DENIED** as to the request to deny Defendant's Motion to Amend.

Nonetheless, because Defendant's two new defenses are distinct from the other defenses asserted in the original answer and discovery has closed, the court, in an abundance of caution, finds that a modest extension of the discovery deadlines to enable Plaintiff to take limited discovery related to Defendant's two new defenses is appropriate. *See Morris v. Slappy*, 461 U.S. 1, 11 (1983) (noting trial courts have "broad discretion" in "matters of continuances"); *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (stating the court "has wide discretion in controlling discovery"); *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) ("The trial court possesses the inherent power to control its own docket and calendar."). The court further finds re-opening discovery on this limited basis is appropriate given that trial is not imminent, Defendant would not be prejudiced by a short continuance, Plaintiff has not had an opportunity to take discovery on these two defenses, the need for this discovery was not foreseeable given Defendant's late amendment, and additional discovery may lead to relevant evidence. *See City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (listing six factors to consider when reopening discovery). Therefore, the Application is **GRANTED** as to Plaintiff's request to continue the dates in the operative scheduling order and reopen discovery.

The court emphasizes that the current record lacks sufficient evidence of diligence to justify re-opening fact discovery as to *all* Plaintiff's claims and Defendant's defenses, and thus any further discovery **must be** related to Defendant's two new affirmative defenses (undue burden and business necessity). The court **ORDERS** the parties to: (1) meet and confer within **one (1) week** of the date of this order to develop a discovery plan that complies with the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-02026-FWS-DFM                           Date: January 13, 2025
Title: Katie Cappuccio v. California State University, Fullerton *et al.*

deadlines set out below and identifies the forthcoming discovery requests with specificity; and (2) each file a declaration attesting to their meet and confer efforts by **January 22, 2025**. To the extent the parties dispute whether a discovery request pertains to Defendant's new affirmative defenses, the parties may file a motion to compel pursuant to Federal Rule of Civil Procedure 37(a); any such motion must be filed **before** the applicable discovery deadline.

Accordingly, the court **ORDERS** the operative scheduling order, (Dkts. 58, 63), modified as follows:

| EVENT | DATE |
|---|---|
| Check one: [x] Jury Trial or [ ] Bench Trial **Tuesday at 8:00 a.m.** | **First Day:** *8/19/2025* |
| Parties' Estimated Trial Length | **4-5 days** |
| Pretrial Conference & Hearing on Motions *in Limine* **Thursday at 8:30 a.m.** | *7/17/2025* |
| Last Date to Hear Motion to Amend Pleadings /Add Parties **Thursday** | *8/1/2024* |
| Non-Expert Discovery Cut-Off | *2/14/2025* |
| Expert Disclosure (Initial) | *2/24/2025* |
| Expert Disclosure (Rebuttal) | *3/7/2025* |
| Expert Discovery Cut-Off | *3/14/2025* |
| Last Date to **Hear** Motions **Thursday** • Motion for Summary Judgment[6] (due at least 6 weeks before hearing); *Specifically, Defendant "CSU may file its dispositive motion on or before December 30, 2024" (Stipulation at 3)* | *3/25/2025* |

---

[6] Throughout the Application, Plaintiff repeatedly asserts that she has not waived her right to file a motion for summary judgment or allowed the time to file a motion for summary judgment to expire. (*See, e.g.*, Dkt. 71 at 9.) Any request to continue the deadline for Plaintiff to file a motion for summary judgment has not been properly presented to the court at this time. However, the court notes that: (1) the parties previously stipulated to extend only CSU's deadline to file a dispositive motion from November 28, 2024, to December 30, 2024, (Dkt. 57

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-02026-FWS-DFM         Date: January 13, 2025
Title: Katie Cappuccio v. California State University, Fullerton *et al.*

| | |
|---|---|
| • All other motions (due at least 4 weeks before hearing)<br>• Opposition (due 2 weeks after Motion is filed)<br>• Reply (due 1 week after Opposition is filed) | |
| Deadline to Complete Settlement Conference [L.R. 16-15]<br>[x]  1. Magistrate Judge (with Court approval)<br>[ ]  2. Court's Mediation Panel<br>[ ]  3. Private Mediation | **2/27/2025** |
| **Trial Filings (first round)**<br>• Motions in Limine with Proposed Orders<br>• *Daubert Motions with Proposed Orders*[7]<br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52] (bench trial only)<br>• Declarations containing Direct Testimony, if ordered (bench trial only)<br>• *Affirmative Deposition Designation(s)* | *6/19/2025* |

---

at 2-3); and (2) the court's civil standing order advises parties that "the court will not entertain cross-motions that seek to adjudicate the same legal issues" and "[i]f parties wish to cross-move for summary judgment, their counsel shall meet and confer to determine which party will move and which will oppose the one motion for summary judgment," (Dkt. 10 at 8).

[7] *Daubert* motions and oppositions to *Daubert* motions shall not exceed ten (10) pages in length.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-02026-FWS-DFM                                Date: January 13, 2025
Title: Katie Cappuccio v. California State University, Fullerton *et al.*

| | |
|---|---|
| **Trial Filings (second round)**<br>• Oppositions to Motions in Limine<br>• *Oppositions to Daubert Motions*[8]<br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint/Agreed Proposed Jury Instructions (jury trial only)<br>• Disputed Proposed Jury Instructions (jury trial only)<br>• Joint Proposed Verdict Forms (jury trial only)<br>• Joint Proposed Statement of the Case (jury trial only)<br>• Proposed Additional Voir Dire Questions, if any (jury trial only)<br>• Evidentiary Objections to Declarations of Direct Testimony (bench trial only)<br>• *Objections and Counter Deposition Designation(s)* | *6/26/2025* |
| • *Objections to Counter Designation(s) and Counter-Counter Deposition Designation(s)* | *7/3/2025* |

### IV. Disposition

For the reasons discussed above, the Application is **GRANTED IN PART AND DENIED IN PART**. The court **ORDERS** the parties to: (1) meet and confer within **one (1) week** of the date of this order to develop a discovery plan that complies with the new discovery deadlines and identifies the forthcoming discovery requests with specificity; and (2) each file a declaration attesting to their meet and confer efforts by **January 22, 2025**.

---

[8] Pursuant to this court's order on pretrial and trial procedures, the parties shall not file replies to the motions *in limine*. (*See* Dkt. 23 at 4 ("Unless the court determines otherwise, counsel shall not file any replies.").) In addition, unless the court determines otherwise, the parties shall not file replies to any *Daubert* motions.