CORRIE J. KLEKOWSKI (SBN 251338)
corrie.klekowski@quarles.com
HEATHER C. DAVIS (SBN 307850)
heather.davis@quarles.com
SUMMER KHATIB (SBN 352838)
Summer.Khatib@quarles.com
**QUARLES & BRADY LLP**
101 West Broadway, Suite 1500
San Diego, California 92101-8285
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for Defendant THE BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY (incorrectly sued as "CALIFORNIA STATE UNIVERSITY FULLERTON") and DAVID FORGUES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| KATIE CAPPUCCIO,<br><br>    Plaintiff,<br><br>  v.<br><br>CALIFORNIA STATE UNIVERSITY, FULLERTON, and DAVID FORGUES, in his individual capacity and office capacity as Vice President of Human Resources,<br><br>    Defendants. | Case No. 8:23-cv-02026-FWS-DFM<br><br>**DECLARATION REGARDING DISCOVERY PLAN**<br><br>Judge:       Hon. Fred W. Slaughter<br>Crtrm.:      Santa Ana, 10D<br>Magistrate:  Douglas F. McCormick<br>Crtrm:       Santa Ana, 6B<br><br>**EXEMPT FROM FEES<br>GOVT. CODE § 6103** |

Case No. 8:23-cv-02026-FWS-DFM

DECLARATION REGARDING DISCOVERY PLAN

# DECLARATION OF HEATHER C. DAVIS

I, Heather C. Davis, declare as follows:

1. I am an attorney in Quarles & Brady LLP, attorneys of record for Defendant THE BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY (incorrectly sued as "CALIFORNIA STATE UNIVERSITY FULLERTON") and DAVID FORGUES in the above-entitled matter, and am licensed to practice before this Court. I have personal knowledge of the following facts and, if called as a witness, could and would testify competently thereto.

2. On January 13, 2025, the Court issued its ruling granting in part and denying in part Plaintiff's *Ex Parte* Application (Dkt. 71). Dkt. 74. In its ruling, the Court granted a modest extension of discovery deadlines to allow Plaintiff to take limited discovery related to Defendant's new defenses for undue burden and business necessity. The Court expressly stated any new discovery must be related to Defendant's two new defenses. Per the Court's order, the non-expert discovery cutoff was continued to February 14, 2025 and the expert discovery cutoff was continued to March 14, 2025.

3. In its order, the Court also ordered the Parties to meet and confer within one week to develop a discovery plan that complied with the new discovery deadlines and identified the forthcoming discovery requests with specificity. The Court also ordered each Party to file a declaration regarding their meet and confer efforts by January 22, 2025. The instant declaration is filed on behalf of CSU to demonstrate its compliance with the Court's order.

**The Parties' Discovery Meet and Confer:**

4. On Monday January 13, 2025, I received and reviewed the Court's order on Plaintiff's *Ex Parte* Application (Dkt. 74). That same day, I emailed plaintiff's counsel, Nicole Pearson, to inform her of the order and to initiate the meet and confer process regarding a discovery plan. I asked Ms. Pearson to provide me with a list of the discovery Plaintiff wanted to do and the proposed timing for each.

1  I also suggested that we speak about Plaintiff's proposed discovery by phone the
2  following day, Tuesday, January 14.  Ms. Pearson responded later that night and
3  indicated she would get me a list by Wednesday morning and that she was available
4  to discuss her list with me on Wednesday, Thursday, or Friday.

5       5. On Wednesday, January 15, 2025, Ms. Pearson informed me that she
6  was preparing draft discovery for my review, including requests for production,
7  admissions, and interrogatories.  She was also requesting to take four depositions,
8  including John Beisner, Michelle Tapper, Robert Mullaney, and Carlos Velez.  Ms.
9  Person proposed serving her discovery requests on January 15 and having responses
10  due within 14 days on January 31.

11       6. When I did not receive any draft discovery responses from Ms. Pearson
12  by Friday, January 17, 2025, I reached out to her about it.  At this time, I also
13  proposed a discovery plan that allowed Plaintiff to serve up to 25 interrogatories,
14  requests for production of documents, and requests for admissions, all of which
15  needed to specifically relate to CSU's new defenses for undue burden and business
16  necessity.  I stated that if Plaintiff could serve her discovery requests on January 17,
17  CSU could provide responses by February 7.  I suggested that we aim to take
18  depositions the week of February 10, contingent on witness availability.  I also
19  stated that we were confirming whether the requested deponents had knowledge
20  related to CSU's affirmative defenses, but that Carlos Velez and Robert Mullaney
21  did not appear to have this knowledge.  Carlos Velez was only the Skelly officer for
22  Plaintiff's Skelly review, and Robert Mullaney was just a supervisor who notified
23  Plaintiff she was out of compliance with CSU's Covid-19 testing policy.

24       7. Later that day, Ms. Pearson countered my discovery proposal by
25  requesting 45 requests for production of documents, 45 interrogatories, and 25
26  requests for admissions.  She again requested the responses be provided by January
27  31.  She disagreed with my position that Carlos Velez and Robert Mullaney did not
28  have knowledge regarding CSU's affirmative defenses.

8. I responded to Ms. Pearson that same day. I stated Plaintiff appeared to be proposing extensive full-blown discovery, which was not limited to the defenses, as required. Plaintiff's request that CSU respond to over 100 discovery requests in less than two weeks was not reasonable, and went beyond what the FRCP allowed. I asked Ms. Pearson to please call me to discuss by telephone.

**The Parties' Discovery Plan:**

9. Ms. Pearson called me later that afternoon, and we conducted a thorough meet and confer by telephone for approximately 45 minutes. During that call we agreed on the following discovery plan:

   a. *Written Discovery* – Plaintiff may serve 25 interrogatories, 25 requests for production of documents, and 25 requests for admissions, and her needed to relate to CSU's undue burden and business necessity defenses. Defendant reserved the right to object should Plaintiff exceed this scope. The Parties agreed to meet and confer to resolve any future discovery issues should the need arise.

   b. *Timing of Discovery* – Plaintiff agreed to serve her discovery requests by Monday January 20. If she provided her requests by that date, CSU agreed to provide responses by February 7.

   c. *Depositions* – The Parties agreed to take depositions remotely by zoom, and the depositions were expected to be a couple hours each, not full day. The Parties agreed to aim to have depositions the week of February 10, assuming the deponents are available. If deponents are not available that week, the Parties agreed to aim for the following week of February 17 and to seek permission from the Court to take them after the February 14 deadline.

   d. *Identity of Deponents* – CSU agreed to produce John Beisner for deposition. Plaintiff agreed <u>not</u> to take the deposition of Carlos Velez. Plaintiff also requested to depose Robert Mullaney and Michelle Tapper. The Parties agreed to continue investigating whether these witnesses have knowledge related to the defenses. The Parties agree to continue to meet and confer regarding these

1  requested depositions.

2      10.    I confirmed the details of the Parties' discovery plan in writing by email later that day.  The full email chain containing the communications discussed herein is attached hereto as **Exhibit A**.

    11.    Over the weekend, Plaintiff's counsel informed me she was experiencing a personal health emergency related to a family member.  She indicated it may impact her ability to serve discovery requests on Monday, January 20, as we had agreed.  I responded with understanding and said we could adjust if needed.  I stated that if Plaintiff could serve her requests by Tuesday January 21, CSU could still respond by February 7 as planned.

**Plaintiff Serves Requests That Exceed the Discovery Plan; CSU Will Meet and Confer:**

    12.    Plaintiff served her first set of discovery requests on January 21, 2025.  CSU will provide responses by February 7, as agreed.  Upon first glance, Plaintiff did not follow what the Parties had previously discussed and agreed regarding her written discovery requests.  Plaintiff served 30 requests for admissions and 26 interrogatories, which was more than the agreed upon number.  Plaintiff also appears to have served numerous requests which are not limited to CSU's affirmative defenses and which aim to conduct discovery into Plaintiff's claims generally.  CSU will attempt initiate the meet and confer process with Plaintiff on these issues this week, and is hopeful the Parties can informally resolve the dispute without the need for Court intervention.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    Executed on this 22nd day of January, 2025, at Los Angeles, California.

*Heather Davis*

Heather C. Davis

# EXHIBIT A

Case 8:23-cv-02026-FWS-DFM Document 75 Filed 01/22/25 Page 6 of 15 Page ID #:1215

**Gonzalez, Jennifer A.**

| | |
|---|---|
| **From:** | Davis, Heather |
| **Sent:** | Sunday, January 19, 2025 11:17 AM |
| **To:** | Nicole Pearson |
| **Subject:** | Fwd: Cappuccio v. CSU - Ex Parte Ruling and Court-Ordered Meet and Confer [QBLLP-ACTIVE.FID44269781] |

Resending.

Sent from my iPhone

Begin forwarded message:

> **From:** "Davis, Heather" <Heather.Davis@quarles.com>
> **Date:** January 17, 2025 at 4:55:44 PM PST
> **To:** Nicole Pearson <npearson@ydplaw.com>
> **Cc:** "Klekowski, Corrie" <Corrie.Klekowski@quarles.com>, clerk@ydplaw.com, cholland@ydplaw.com
> **Subject: RE: Cappuccio v. CSU - Ex Parte Ruling and Court-Ordered Meet and Confer [QBLLP-ACTIVE.FID44269781]**
>
> Nicole,
>
> Thank you for talking through this with me on the phone. Confirmation of what we discussed regarding the discovery plan is below. Let me know if I missed anything.
>
> *Written Discovery* – We are in agreement that Plaintiff may serve 25 Interrogatories, 25 RFPs, and 25 RFAs and that her requests will be related to the undue burden and business necessity defenses. Defendant will aim to provide substantive responses with information related to its defenses. To the extent the requests go beyond the scope, however, Defendant reserves the right to object. We will agree to meet and confer to resolve any issues related to the responses and to discuss additional information related to the defenses, should the need arise.
>
> *Timing of Written Discovery* – Plaintiff will serve her discovery requests by Monday January 20. Provided she serves them by that date, CSU can provide responses by February 7.
>
> *Depositions* – Depositions will be taken by zoom and are expected to be a couple hours each, not full day. We will aim to have depositions the week of February 10, assuming the deponents are available. If deponents are not available that week, we will aim for the following week of February 17, and will seek permission from the Court to take them after the February 14 deadline.
>
> *Identity of Deponents* – We agreed on the deposition of John Beisner. We agreed Plaintiff will not take the deposition of Carlos Velez. We are considering a very short second day of deposition for David Forgues. Plaintiff has also requested Robert Mullaney, but Defendant does not believe he has relevant knowledge related to the defenses. Defendant suggests a pointed written discovery request to confirm. Plaintiff also requested Michelle Tapper, but she may not have knowledge. Both sides are

investigating the relevance of Michelle's testimony to the defenses.  We can agree to continue to meet and confer until we are in agreement on all of these depositions.

We need to submit declarations regarding our meet and confer efforts to the Court by January 22.  We discussed drafting a joint discovery plan, and attaching it as an exhibit to both declarations.  You offered to put that together based on the above.  Thank you for agreeing to do that.

I would also like to explain again our general grounds for the affirmative defenses so you can tailor the discovery going forward to these defenses. It is the University's position that it could not provide exemptions to Covid-19 testing because it would have unnecessarily put the health and safety of the rest of the campus community at risk.  With respect to the police officers, this also includes the health and safety of the people in the nearby community and individuals who may have been detained at the campus police department against their will.  Further, the California Department of Public Health and OSHA had regulations at this time that required heightened testing to protect the health and safety of all persons.  The cost at issue in the defenses is the risk to the health and safety of others.  Courts have held that this risk can constitute an undue hardship as a matter of law.  For these same reasons, the Covid-19 testing was necessary to the safe and healthy operation of the University during this unprecedented pandemic.  Please let me know if you'd like to discuss any of this further.

Thank you,

**From:** Davis, Heather
**Sent:** Friday, January 17, 2025 2:34 PM
**To:** Nicole Pearson <npearson@ydplaw.com>
**Cc:** Klekowski, Corrie <Corrie.Klekowski@quarles.com>; clerk@ydplaw.com; cholland@ydplaw.com
**Subject:** RE: Cappuccio v. CSU - Ex Parte Ruling and Court-Ordered Meet and Confer [QBLLP-ACTIVE.FID44269781]

Nicole,

Thank you for your email.  The discovery you propose in your email below is far too extensive and is a bit troubling.  My understanding was the Court ordered very limited discovery related only to CSU's two new defenses.  Your email appears to be proposing full-blown discovery, beyond what even the FRCP would allow, and appears to be asking us to agree to respond to over 100 written discovery requests in less than two weeks.  Even without our current MSJ deadline, this would be a lot.

I think we need to talk through this on the phone.  Please give me a call as soon as you are free.  You can reach me at 619-243-1572.

**From:** Nicole Pearson <npearson@ydplaw.com>
**Sent:** Friday, January 17, 2025 1:15 PM
**To:** Davis, Heather <Heather.Davis@quarles.com>
**Cc:** Klekowski, Corrie <Corrie.Klekowski@quarles.com>; clerk@ydplaw.com; cholland@ydplaw.com
**Subject:** Re: Cappuccio v. CSU - Ex Parte Ruling and Court-Ordered Meet and Confer [QBLLP-ACTIVE.FID44269781]

Hi Heather:

Thank you for your email. I just got back from a hearing.

We have drafted the Requests and Interrogatories, which total over 60, and have been trying to cut them down, hence the delay. We are amenable to "splitting the baby" and serving 45 Requests for Production, 45 Interrogatories, and 25 Requests for Admission. They are tailored to the two new defenses and we understand you have not waived your right to object to any of them.

We cannot agree to a February 7 response deadline **unless we set the depositions and ask for -- and obtain -- the Court's permission to conduct any after February 14**. It is physically and logistically impossible to review your client's responses and production; meet and confer regarding any deficiencies; receive any supplemental and/or further or amended responses; review those; **and** prepare for **and** take depositions in the same week. If operating under the current schedule, we need the week of February 7, *at the very latest*, to conduct depositions. I see our options as:

1. Serve responses by January 31 after the MSJ is filed and pray for the best, or
2. File a request for an extension of the non-expert discovery deadline to March 15 to accommodate your MSJ, written discovery, and oral depositions.

Regarding depositions:

1. These will be remote.
2. I do not know what you mean by "minimally invasive," can you please explain / clarify?
3. Since we are getting into the weeds of it, now, and I do not want to have to start, stop and compel a deposition, we intend to ask each witness about the following **which is not an exhaustive list and not intended to nor does restrict our ability to ask about any other relevant matters that might arise during deposition**:
    1. Background - education, professional experience, professional experience working in the System and/or at CSUF - we need to establish who these people are and what personal knowledge they actually have, aka lay the foundation of their testimony;
    2. Their campus's business operations, needs, staffing, costs;
    3. Impact of CV19 on their campus's operations;
    4. The cost of Ms. Cappuccio's requested accommodation;
    5. The operational impact of Ms. Cappuccio's requested accommodation;
    6. The impact of of Ms. Cappuccio's requested accommodation on other employees, students, faculty and staff;
    7. Alternative solutions;
    8. Granted accommodations to the CV19 vaccination and testing policies;
    9. How granted accommodations impacted operations, etc.;
    10. Any other matters that might arise during their deposition relating to business operations and necessities in the context of the CV19 policies.
4. We disagree with you that Officer Velez and Mullaney do not have personal knowledge of facts relating to the business operations and needs of CSUF. Both run police departments on their respective campuses, know the needs and costs associated with each, supervised officers governed by the same SUPA's and COVID19 policies, and, thus, have personal knowledge going directly to the heart

3

of your client's new defenses. Mullaney knows how and what the CSUF Department needs in order to function, CV19's impact on operations, how Ms. Cappuccio could have been accommodated (or not), how other accommodation requests were affecting the Department, and more. Velez knows about the same on his own campus, which is within "the System" and was governed by the same policies, and can be used to gauge the appropriateness of CSUF's claims of "undue hardship" and "business necessity." Additionally, Dr. Forgues repeatedly testified that he did not know the inner workings of the police department and could not testify to this. Mullaney and Velez as the Operations Lieutenant and Chief of Police, respectively, have this knowledge. Note: so does Carl Jones, but he is no longer employed by CSU. If you do not agree with our position and analysis, we can file motions to compel these depositions; however, we prefer to avoid that and are available to continue discussing this with you.

5. I do not understand what you mean by "looking into Beisner's and Tapper's knowledge." We know from Ms. Cappuccio, as well as Dr. Forgues, that Beisner headed the department that received, reviewed, and granted or denied religious accommodation requests. (*See* e.g. Forgues Depo., pp. 174-175, 178, 186, 196). He would (should) have been involved in the balancing of CSUF's interests and operational needs, Ms. Cappuccio's request to self-test, and the cost and impact on CSUF's operations. His insights are especially important given that he was the head of the entire team reviewing and granting (or denying) requests. He was best positioned to see and has the most knowledge regarding the impact of accommodations requests to testing (whether medical or religious). We need this information to gauge CSUF's claims of "undue hardship" and "business necessity." We also know, again, per Dr. Forgeus's deposition testimony, that Ms. Tapper headed up employee relations and that she was involved in Ms. Cappuccio's discipline and ultimate termination, allegedly due to the fact that she could not comply with and was "not exempt" from CSUF's CV19 policies because of the "undue hardship" and "business necessity" of having her (not) self-test for COVID19, whether at home or on campus. (*See Id*., pp. 39, 109, 114-116, 122-125). She too knew how many employee's requests were being denied, who was getting vaccinated or tested, terminating employees, and seeing the real time impact of the same, all of which, again, goes to the heart of your client's new defense. Could you please clarify what you are "looking into"? We are concerned that you are objecting to these very obvious deponents and will move to compel their testimony, as well.

I am available the rest of the day until 5 p.m. and Tuesday between 9-11 a.m. and after 3 p.m.

Thank you, in advance,
Nicole

On Fri, Jan 17, 2025 at 10:01 AM Davis, Heather <Heather.Davis@quarles.com> wrote:

> Good Morning Nicole,

I did not see your draft discovery requests come through yet, but here is what I would propose. Plaintiff may serve up to 25 interrogatories, requests for production of documents, and requests for admissions. The requests must specifically relate to CSU's new defenses for undue burden or business necessity. CSU will reserve the right to object to each request in full or in part on the basis that the request calls for information beyond the defenses.

With respect to the timing of the written discovery, if you serve the discovery requests today, I can agree to provide you with responses by February 7. I cannot agree to the shorter time period you proposed, because it would require me to prepare responses in less than 2 weeks at the same time we are finalizing our MSJ which is due on January 30.

With respect to the timing of depositions, I suggest we aim to do depositions the week of February 10, and if we need to set the depositions after February 14 due to witness availability, then we can agree to work together to do so and request court permission if you feel it is necessary.

We will agree to offer witnesses for deposition, provided the depositions are by zoom, are minimally invasive, and are strictly limited to the new defenses. You have asked to depose Carlos Velez, Robert Mullaney, John Beisner, and Michelle Tapper. Carlos Velez does not have knowledge related to CSU's defenses for undue burden or business necessity – he was just the Skelly officer for Ms. Cappuccio's Skelly review, and worked at a different campus. Similarly, Robert Mullaney does not have knowledge related to the affirmative defenses. He played no part in deciding the testing policy or reviewing exemptions, he just notified Ms. Cappuccio that she was out of compliance. Based on this, we believe Plaintiff is not entitled to depose Chief Velez or Lt. Mullaney as they are outside the scope of the Court's order. We are looking into John Beisner and Michelle Tapper's knowledge now, and if we can confirm they have knowledge related to the defenses, we will arrange for their depositions. I expect to have confirmation of this next week.

Please let me know your thoughts regarding the above. Please note, my office is closed on Monday. So, if I do not hear back from you on the discovery plan, I plan to file my declaration, as required by the Court, regarding our meet and confer efforts this afternoon. I will still continue my meet and confer efforts with you until we finalize our agreement. Thank you.

**From:** Nicole Pearson <npearson@ydplaw.com>
**Sent:** Wednesday, January 15, 2025 12:11 PM
**To:** Davis, Heather <Heather.Davis@quarles.com>

**Cc:** Klekowski, Corrie <Corrie.Klekowski@quarles.com>; clerk@ydplaw.com; cholland@ydplaw.com
**Subject:** Re: Cappuccio v. CSU - Ex Parte Ruling and Court-Ordered Meet and Confer [QBLLP-ACTIVE.FID44269781]

Hi Heather:

Thank you for checking in on this. Our phones and wifi were actually down almost all of last week due to the winds and fires, hence my inability to more effectively meet and confer with you re: the *ex parte*. How are you and your family doing by the way? The smoke must be bad. I hope you and your kids are safe.

Regarding written discovery, I actually drafted the proposed discovery for you to review -- kill two birds with one stone -- since the judge set quick deadlines. I am waiting for the final approval from Ms. Cappuccio, but anticipate that shortly. We have prepared **Requests for Production and Admission and Interrogatories** relating to the vaccination and testing policies CSU drafted and/or implemented and/or enforced (since I recognize that the System drafted the vaccination policies), as well as the accommodations processes, including interactive and appeals processes, if any. Obviously, this is a "high level" summary of what we specifically requested, but to give you an idea.

In the meantime, I can let you know that we would like to depose **John Beisner, Michelle Tapper, Robert Mullaney and Carlos Velez.** Per Dr. Forgues's deposition testimony, all of these individuals were involved in and have personal knowledge regarding (1) the religious accommodation process, (2) Ms. Cappuccio's request for a religious accommodation; (3) the police department's operations; and/or (4) University's operations, all of which are relevant to analyzing the "undue hardship" and "business necessity" defenses CSU has now been permitted to raise.

My goal would be to, again, serve you with our discovery requests today, CSU's responses due within 14 days (on or before January 31), then depositions the first two weeks of February, since the non-expert cut off date is now 2/14/25. I would have given CSU more time to respond, but these are the deadlines we, now, have to work with.

What do you think? I am available later today after 3 p.m. or pretty much any time tomorrow to discuss.

Best,

Nicole

On Wed, Jan 15, 2025 at 11:50 AM Davis, Heather <Heather.Davis@quarles.com> wrote:

Hi Nicole,

Circling back with you on this in case I missed your email. When can we expect to receive Plaintiff's proposed discovery plan? Let us know if you need more time to put that together. Although please note, the Judge asked the parties to submit declarations regarding the discovery plan on Monday, so we do need to agree on a plan by the end of the week.

For Ms. Cappuccio's deposition tomorrow afternoon, please note that my colleague, Corrie Klekowski, will be taking the deposition, as I now have a conflict. I don't expect Plaintiff will have any issue with this, but did not want you to be surprised by her presence.

Best,

Heather

---

**From:** Nicole Pearson <npearson@ydplaw.com>
**Sent:** Tuesday, January 14, 2025 9:40 AM
**To:** Davis, Heather <Heather.Davis@quarles.com>
**Cc:** Klekowski, Corrie <Corrie.Klekowski@quarles.com>; clerk@ydplaw.com; cholland@ydplaw.com
**Subject:** Re: Cappuccio v. CSU - Ex Parte Ruling and Court-Ordered Meet and Confer [QBLLP-ACTIVE.FID44269781]

Ok, sounds good. Thanks Heather.

On Tue, Jan 14, 2025 at 8:18 AM Davis, Heather <Heather.Davis@quarles.com> wrote:

7

> Nicole,
>
> Thank you for putting together your list for us.  Let's plan that you will send that to us on Wednesday morning as you propose.  Once we get the list from you, we can set up a time for us to discuss by phone either Wednesday, Thursday, or Friday.
>
> Best,
>
> Heather
>
> ---
>
> **From:** Nicole Pearson <npearson@ydplaw.com>
> **Sent:** Monday, January 13, 2025 11:04 PM
> **To:** Davis, Heather <Heather.Davis@quarles.com>
> **Cc:** Klekowski, Corrie <Corrie.Klekowski@quarles.com>; clerk@ydplaw.com; cholland@ydplaw.com
> **Subject:** Re: Cappuccio v. CSU - Ex Parte Ruling and Court-Ordered Meet and Confer [QBLLP-ACTIVE.FID44269781]
>
> Hi Heather:
>
> I am working on this list, now, but it is not done and I am not available tomorrow to speak. I have another big filing and 3 meetings tomorrow. My goal would be to get you a list by Wednesday morning, and discuss Wednesday, Thursday and/or Friday.
>
> Please let me know your thoughts.
>
> Nicole
>
> On Mon, Jan 13, 2025 at 3:48 PM Davis, Heather <Heather.Davis@quarles.com> wrote:
>
>> Nicole,

8

The Court just entered its order on Plaintiff's Ex Parte Application which denied the request related to Defendant's Motion to Amend but granted the request for a brief continuance on discovery. Please see Docket 74 for full text.

The Court has ordered the parties to meet and confer within 1 week to develop a discovery plan that complies with the new discovery deadlines and which identifies the forthcoming discovery requests with specificity. All new discovery must relate to CSU's new defenses for undue burden and business necessity. I request that you please provide me with a list of the discovery Plaintiff would like to do and the proposed timing for each so that we can agree upon a discovery plan. Depending on how quickly you can get that to me, I would like to discuss your proposed plan with you by phone tomorrow, Tuesday January 14. Thank you.

Heather

<image001.png>
**Heather Davis | Attorney**
heather.davis@quarles.com | D. 619-243-1572
Quarles & Brady LLP
101 West Broadway, Ninth Floor, San Diego, CA 92101-8285
Bio | quarles.com | LinkedIn
Assistant: Jenny Gonzalez, 619-400-1188

CONFIDENTIALITY NOTICE: This electronic mail transmission and any attachments are confidential and may be privileged. They should be read or retained only by the inten recipient. If you have received this transmission in error, please notify the sender immediately and delete the transmission from your system. This communication is not intended to constitute an electronic signature unless expressly stated otherwise.