NICOLE C. PEARSON (SBN 265350)
npearson@ydplaw.com
**YODER DREHER PEARSON, LLP**
5319 University Drive, Ste. 503
Irvine, Calif. 92612
(949) 200-9170
Newport Beach, CA 92663
Telephone: 424-272-5526

Attorney for Plaintiff KATIE CAPPUCCIO

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| KATIE CAPPUCCIO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CALIFORNIA STATE UNIVERSITY, FULLERTON, and DAVID FORGUES, in his individual capacity and office capacity as Vice President of Human Resources,<br><br>　　　　Defendants. | Case No. 8:23-cv-02026-FWS-DFM<br><br>**PLAINTIFF'S DECLARATION RE: DISCOVERY PLAN**<br><br>Judge:　　　Hon. Fred W. Slaughter<br>Crtrm.:　　　Santa Ana, 10D<br>Magistrate:　Douglas F. McCormick<br>Crtrm:　　　Santa Ana, 6B<br><br>Complaint filed:　October 20, 2023 |

## DECLARATION OF NICOLE C. PEARSON

I, Nicole C. Pearson, declare as follows:

1. I am a partner at Yoder Dreher Pearson, LLP, counsel of record for Plaintiff KATIE CAPPUCCIO ("Plaintiff") in the above-captioned matter and am licensed to practice before this court. I have personal knowledge of the facts set forth herein, and, if called as a witness, could testify competently thereto.

2. On January 13, 2025, the Court issued its ruling granting in part and denying in part Plaintiff's *Ex Parte* Application for Relief from the Court's Order Granting the Motion for Leave to Amend the Answer of Defendant THE BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERISTY ("CSU") (Dkt.

---

STIPULATION TO EXTEND TIME FOR DAVID FORGUES TO RESPOND TO COMPLAINT BY NOT MORE THAN 30 DAYS (L.R. 8.3)

71). Dkt. 74. In its ruling, the Court granted Plaintiff's request to continue dates in the then-existing scheduling order and to reopen discovery as to Defendant's two (2) new affirmative defenses (undue hardship, business necessity). ("Order").

3. In its January 13 Order, the Court also ordered the parties to (1) meet and confer by January 20, 2025 to come up with a discovery plan that complied with the dates set by the Court, and identify Plaintiff's forthcoming discovery requests "with specificity," and (2) each file a declaration of their meet and confer efforts by January 22, 2025. This Declaration is being offered in response thereto.

4. On January 13, 2025, defense counsel, Ms. Heather Davis, reached out to me to initiate the meet and confer process. I provided her with my availability to provide her with a list of proposed discovery requests, and to speak regarding the same, that Wednesday, Thursday or Friday.

5. On Wednesday, Ms. Davis followed up with me regarding the status of Ms. Cappuccio's proposed discovery plan." In response, I informed her of the following:

   a. Instead of simply providing a list of topics or questions for us to work off of, I had drafted the actual discovery requests – Requests for Admissions and Production, and Interrogatories – which I had sent to my client, Ms. Cappuccio, for review;

   b. I did not have Ms. Cappuccio's final approval to serve the requests, yet;

   c. A "high level overview" of the topics we had covered in said requests;

   d. The names of the four (4) individuals we would like to depose;

   e. A proposed discovery schedule that complied with the new non-discovery cut-off date (February 14, 2025):

      a. Requests served by January 15,

      b. Responses due by January 31,

      c. Depositions the first two weeks of February.

6. On Friday, January 17, Ms. Davis responded with the following:

  a. Limitation of 25 requests / interrogatories per set;

  b. Modified discovery schedule:

    i. Requests served January 17, 2025,

    ii. Responses due February 7, to accommodate Defendant's proposed Motion for Summary Judgment ("MSJ") which must be filed by January 30, 2025;

    iii. Depositions the week of February 10, with an understanding that if a deposition cannot take place before February 14, the parties will work together to move the court for additional time to do so;

    iv. "Minimally invasive" depositions by remote means, only, limited to the two new defenses;

    v. Objections to two of the deponents and assurances that her office was "looking into" the knowledge of the remaining two.

7. That same day (Friday, January 17), I replied to Ms. Davis's proposals and positions with the following:

  a. Limitation of 45 requests per set;

  b. An alternative discovery timeline, given that Defendant's proposed timeline did not allow Plaintiff any time to review Defendant's responses, meet and confer regarding any deficiencies therein, receive – let alone review – any further or amended responses or production, **and** prepare for **and** take all four (4) depositions before February 14, 2025;

  c. Confirmation that the depositions would be remote and limited to the two new defenses, with the exception that we would also have to lay the foundation of the witnesses' personal knowledge and, thus, would ask questions beyond the defenses to do so;

      d. Request for clarification of the phrase "minimally invasive"; and

      e. Renewed requests for all four (4) depositions, with explanations as to why each were relevant to Defendant's two new defenses, with citations to Defendant's witness's deposition in support.

8. Given the ongoing discussion by email, Ms. Davis and I had a very productive (and professional) teleconference for 45 minutes regarding the above and agreed to the following (which, per our agreement, Ms. Davis confirmed in writing):

      a. *Written Discovery* – We are in agreement that Plaintiff may serve 25 interrogatories, 25 RFP's, and 25 RFAs and that her requests will be related to the undue burden and business necessity defenses. Defendant will aim to provide substantive responses with information related to its defenses. To the extent the requests go beyond the scope, however, Defendant reserves the right to object. We will agree to meet and confer to resolve any issues related to the responses and to discuss additional information related to the defenses, should the need arise.

      b. *Timing of Written Discovery* – Plaintiff will serve her discovery requests by Monday January 20. Provided she serves them by that date, CSU can provide responses by February 7.

      c. *Depositions* – Depositions will be taken by zoom and are expected to be a couple hours each, not full day. We will aim to have depositions the week of February 10, assuming the deponents are available. If deponents are not available that week, we will aim for the following week of February 17, and will seek permission from the Court to take them after the February 14 deadline.

      d. *Identity of Deponents* – We agreed on the deposition of John Beisner. We agreed Plaintiff will not take the deposition of Carlos Velez. We are considering a very short second day of deposition for

David Forgues. Plaintiff has also requested Robert Mullaney, but Defendant does not believe he has relevant knowledge related to the defenses. Defendant suggests a pointed written discovery request to confirm. Plaintiff also requested Michelle Tapper, but she may not have knowledge. Both sides are investigating the relevance of Michelle's testimony to the defenses. We can agree to continue to meet and confer until we are in agreement on all of these depositions.

9. On January 18, 2025, my son – who, as this Court knows, was severely ill over the holidays – we hospitalized with pneumonia. I let Ms. Davis know this and that Ms. Cappuccio's final requests reflecting our discussion of Friday, might come after the holiday (Martin Luther King, Jr., Monday, January 20).

10. On January 21, 2025, I served 25 Requests for Production, 26 Requests for Admission, and 30 Interrogatories on CSU on behalf of Ms. Cappuccio, and invited Ms. Davis to meet and confer regarding the same.

11. On January 22, Ms. Davis identified "preliminary" objections to the requests, including that there was an extra RFP, 4 extra RFA's, and many of Ms. Cappuccio's requests allegedly exceed the scope of permitted discovery (the two new affirmative defenses).

12. The same day, I responded to Ms. Davis stating:
   a. I was amenable to striking the excessive requests;
   b. Amending requests that were allegedly compound or beyond the scope agreed to or permitted by the Court, permitted that we were able to meet and confer further regarding the same;
   c. I would amend the applicable time period from "January 1, 2020 to the present" to "January 1, 2020 to December 31, 2022"; and
   d. My understanding of CSU's new defenses and the bases thereof, Ms. Cappuccio's claims, and how the requests related to the same.

<mark>
<mark>
</mark>
</mark>

Attached hereto as **Exhibit "A"** is a true and correct copy of the latest emails between Ms. Davis and myself, which were sent after she filed her declaration.

13. I will continue to meet and confer with Ms. Davis, in good faith, regarding Ms. Cappuccio's discovery to ensure they comply with the Court's order, while also adequately allowing me to adequately prepare Ms. Cappuccio's case for trial and to Defendant's proposed MSJ.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 22nd day of January, 2025, at Newport Beach, California.

_____
Nicole C. Pearson

**EXHIBIT "A"**

Yoder Dreher Pearson LLP Mail - Cappuccio v. CSU - Ex Parte Ruling and Court-Ordered Meet and Confer [QBLLP-ACTIVE.FID44269781]    1/22/25, 10:47 PM

Case 8:23-cv-02026-FWS-DFM    Document 76    Filed 01/22/25    Page 8 of 12    Page ID #:1232



Nicole Pearson <npearson@ydplaw.com>

# Cappuccio v. CSU - Ex Parte Ruling and Court-Ordered Meet and Confer [QBLLP-ACTIVE.FID44269781]

**Nicole Pearson** <npearson@ydplaw.com>    Wed, Jan 22, 2025 at 5:02 PM
To: "Davis, Heather" <Heather.Davis@quarles.com>

Hi Heather:

Please see my substantive answers to your comments below infra in **bold:**

On Wed, Jan 22, 2025 at 10:59 AM Davis, Heather <Heather.Davis@quarles.com> wrote:

> Good Morning Nicole,
>
> I received your email with Plaintiff's discovery requests and on first glance there appear to be some issues that I would like raise upfront.
>
> First – We had agreed that Plaintiff could serve 25 Interrogatories and 25 RFAs, but Plaintiff went beyond this agreed upon amount by serving an extra interrogatory and an extra 5 RFAs.  Since this goes beyond out agreement, we will not be responding to these additional requests, Interrogatory 26 or RFAs 26-30. **We will revise these to comport with the 25 agreed to. I erroneously recalled the cap for RFP's only. We will pare the Interrogatories and RFA's down to comport with our agreement, and in light of your objections below.**
>
> Second – Many of Plaintiff's requests go beyond the Court's order limiting the discovery to CSU's affirmative defenses.  For the purpose of starting to meet and confer on this, I have listed out the requests I could easily identify exceeded the scope below, although there may be more.  We will be asserting objections to these requests, and are not intending to provide substantive responses unless Plaintiff can appropriately limit her request or demonstrate how the request pertains to the defenses. I **do not now how to respond to these without cutting and pasting each request and analyzing each and how it goes to your new defenses, in term. Do you want me to do that?**
>
>> RFAs 1-11, 13-19, 22-30:
>>
>> Interrogatories 12-14, 18-21, 23-26
>>
>> RFPs 7-11, 13, 15, 18, 22
>
> Third – Many of Plaintiff's requests are also excessive in scope. For example, many requests call for information and documents pertaining to the other CSU campuses which are unduly burdensome and

Yoder Dreher Pearson LLP Mail - Cappuccio v. CSU - Ex Parte Ruling and Court-Ordered Meet and Confer [QB-LP-ACTIVE.FID4426974] 1/22/25, 10:47 PM

Case 8:23-cv-02026-FWS-DFM   Document 76   Filed 01/22/25   Page 9 of 12   Page ID #:1233

not relevant to this action. **CSUF claims that requiring <u>every</u> employee, not just police officers, but every employee to be tested on its campus and not to self test, whether at home or on campus, was a "business necessity" and that allowing employees to self test would have imposed an "undue hardship" on it by "unnecessarily put[ting] the health and safety of the rest of the campus community at risk." If this is the case, then every CSU campus would have had the same third party testing on campus requirements. If not, it shows that CSUF's policy was not necessary, and allowing self testing was not an undue hardship. I would also like to note that Ms. Cappuccio was <u>*not* seeking an exemption from testing, at all. She was seeking *to comply with CSUF's requirements to test weekly*</u>,** she merely wanted to test herself, even on campus, so as to comply with her employer's mandates while also honoring her sincerely held religious beliefs. The question is whether allowing Ms. Cappuccio to test herself -- on camus, at the clinic tent, using the tests CSUF used -- would have created an undue hardship on CSUF, and whether forcing her to be tested by someone else at the campus clinic was a business necessity. These requests go to those questions.** Many requests are also overbroad in time and call for information and documents outside the time period that Plaintiff was employed. **We can narrow the time. Does January 1, 2021 to December 31, 2022 work?** We will be asserting appropriate objections on these grounds, and don't believe that information pertaining to other campuses or to the time period after Plaintiff's employment are relevant to her claims.

Fourth – Many of Plaintiff's requests are also improperly compound, such that there are as many as 12 sub-requests within one main request.  This is improper and substantially increases the amount of requests we agreed Plaintiff could serve.  Attempting to increase the number of requests in this way goes beyond the spirit of our agreement and beyond the scope of the limited discovery the Court agreed could be done.  We will be objecting to these compound requests on this basis as well. **Respectfully, we did not issue compound requests, we specified the information that we are seeking, e.g. (a) name, (b) telephone number, (c) position, etc., and parsed it out for you and your client. We can rewrite to not be questionably compound.**

As I mentioned above, this is my initial response to Plaintiff's requests.  I may have additional objections and issues as I conduct further review.  I made an effort to provide our objections to you as quickly as possible to give Plaintiff the opportunity to cure the issues described above.  I am available to continue meet and confer efforts on these issues once you have a chance to review. **Thank you again for moving on this quickly. Depending on how you want me to respond to each of the Requests and Interrogatories you identified above, I can make myself available to discuss this further with you today or anytime tomorrow <u>except</u> 12-1 p.m. as I have a hearing in D.C. Thank you, again, for moving quickly on this, Heather. Looking forward to working this out with you. Nicole**



**Heather Davis | Attorney**
heather.davis@quarles.com | D. 619-243-1572
Quarles & Brady LLP
101 West Broadway, Suite 1500, San Diego, CA 92101-8285
Bio | quarles.com | LinkedIn
Assistant: Jenny Gonzalez, 619-400-1188

Yoder Dreher Pearson LLP Mail - Cappuccio v. CSU - Ex Parte Ruling and Court-Ordered Meet and Confer [QBLLP-ACTIVE.FID44269781]	1/22/25, 10:47 PM

Case 8:23-cv-02026-FWS-DFM    Document 76    Filed 01/22/25    Page 10 of 12    Page ID
#:1234

We've moved! Effective January 21, 2025, we are moving to Suite 1500. Our street address and phone number remain the same.

CONFIDENTIALITY NOTICE: This electronic mail transmission and any attachments are confidential and may be privileged. They should be read or retained only by the intended recipient. If you have received this transmission in error, please notify the sender immediately and delete the transmission from your system. This communication is not intended to constitute an electronic signature unless expressly stated otherwise.

**From:** Nicole Pearson <npearson@ydplaw.com>
**Sent:** Tuesday, January 21, 2025 5:24 PM
**To:** Davis, Heather <Heather.Davis@quarles.com>
**Cc:** Klekowski, Corrie <Corrie.Klekowski@quarles.com>; cholland@ydplaw.com
**Subject:** Re: Cappuccio v. CSU - Ex Parte Ruling and Court-Ordered Meet and Confer [QBLLP-ACTIVE.FID44269781]

Hi Heather:

Attached please find our first set of Requests for Production, Requests for Admission, and Interrogatories to CSU. Please review and let me know if we need to discuss these further.

Thank you for your ongoing understanding and cooperation regarding my family's medical issues.

Sincerely,

Nicole

On Tue, Jan 21, 2025 at 8:24 AM Davis, Heather <Heather.Davis@quarles.com> wrote:

> Nicole,
>
> Thank you for the update. Assuming the requests are served during business hours today, I should still be able to get you responses by February 7. If they don't come in by then, we can discuss giving CSU a couple extra days to prepare responses. I assume we will be able to come up with something that works for everyone.
>
> Best,
>
> ---
>
> **From:** Nicole Pearson <npearson@ydplaw.com>
> **Sent:** Tuesday, January 21, 2025 12:33 AM

Case 8:23-cv-02026-FWS-DFM    Document 76    Filed 01/22/25    Page 11 of 12    Page ID
#:1235

Yoder Dreher Pearson LLP Mail - Cappuccio v. CSU - Ex Parte Ruling and Court-Ordered Meet and Confer [QBLLP-ACTIVE.FID44269781]    1/22/25, 10:47 PM

**To:** Davis, Heather <Heather.Davis@quarles.com>
**Cc:** Klekowski, Corrie <Corrie.Klekowski@quarles.com>
**Subject:** Re: Cappuccio v. CSU - Ex Parte Ruling and Court-Ordered Meet and Confer [QBLLP-ACTIVE.FID44269781]

Heather:

Ms. Cappuccio asked to sign off on the requests and I have not heard back from her, but need to go to bed. I expect to wake up with her final edits or approval tomorrow morning and will get them to you as soon as I do.

Again, my apologies for being later than promised. We had expected to work on this this weekend but I could not work from the hospital.

Thank you for your anticipated understanding.

Good night,

Nicole

On Mon, Jan 20, 2025 at 6:46 PM Nicole Pearson <npearson@ydplaw.com> wrote:

> Heather:
>
> Almost done but these will obviously be coming to you after hours, but still today per our agreement. Just wanted to let you know.
>
> Nicole
>
> On Mon, Jan 20, 2025 at 12:16 PM Nicole Pearson <npearson@ydplaw.com> wrote:
>
>> Thank you, Heather. I really appreciate it. Goal is to get you 3 sets of discovery and the proposed discovery plan to you today. I do not want to upset Judge Slaughter anymore / again.
>>
>> Best,
>>
>> Nicole
>>
>> On Mon, Jan 20, 2025 at 11:36 AM Davis, Heather <Heather.Davis@quarles.com> wrote:

Yoder Dreher Pearson LLP Mail - Cappuccio v. CSU - Ex Parte Ruling and Court-Ordered Meet and Confer [QBLLP-ACTIVE.FID44269781] 1/22/25, 10:47 PM

Case 8:23-cv-02026-FWS-DFM    Document 76    Filed 01/22/25    Page 12 of 12    Page ID #:1236

Good Morning Nicole,

So sorry to hear about your son. Hopefully he will recover soon.

Get me what you can today, but if not, we can plan to adjust. I don't want to create any unnecessary pressure. Let's try to touch base tomorrow if you have time. Thanks.

---

**From:** Nicole Pearson <npearson@ydplaw.com>
**Sent:** Monday, January 20, 2025 9:46 AM
**To:** Davis, Heather <Heather.Davis@quarles.com>
**Subject:** Re: Cappuccio v. CSU - Ex Parte Ruling and Court-Ordered Meet and Confer [QBLLP-ACTIVE.FID44269781]

I am sorry for the delay. Thank you for your email.

I was hoping to get everything out over the weekend like we discussed, but my son was hospitalized again, this time with pneumonia (RSV >> pneumonia). He is doing better now, so working on everything now and will have to you today, just a little later than I had hoped.

Thank you for your understanding and patience. What a wild ride this new-mom-working-life...

Best,

Nicole