# TRIAL EXHIBIT 99

Exhibit 99 Page 12

2/7/25, 10:28 AM California Code of Regulations, Title 8, Section 3205. COVID-19 Prevention.

Case 8:23-cv-02026-FWS-DFM Document 104-3 Filed 06/18/25 Page 2 of 12 Page ID #:2087

| This information is provided free of charge by the Department of Industrial Relations from its web site at www.dir.ca.gov. These regulations are for the convenience of the user and no representation or warranty is made that the information is current or accurate. See full disclaimer at https://www.dir.ca.gov/od_pub/disclaimer.html. |
|---|

| Subchapter 7. General Industry Safety Orders Introduction |
|---|

Return to index
New query

**Archive**     **Effective Dates:   Jun. 17, 2021 - January 13, 2022**

For the **current** version of this regulation, see the **Title 8, Section 3205**

## §3205. COVID-19 Prevention.

NOTE: *See Executive Order N-84-20 (2019 CA EO 84-20), issued in response to the COVID-19 pandemic, which suspends certain provisions relating to the exclusion of COVID-19 cases from the workplace.*

(a) Scope.

   (1) This section applies to all employees and places of employment, with the following exceptions:

   (A) Work locations with one employee who does not have contact with other persons.

   (B) Employees working from home.

   (C) Employees with occupational exposure as defined by section 5199, when covered by that section.

   (D) Employees teleworking from a location of the employee's choice, which is not under the control of the employer.

   (2) Nothing in this section is intended to limit more protective or stringent state or local health department mandates or guidance.

(b) Definitions. The following definitions apply to this section and to sections 3205.1 through 3205.4.

   (1) "Close contact" means being within six feet of a COVID-19 case for a cumulative total of 15 minutes or greater in any 24-hour period within or overlapping with the "high-risk exposure period" defined by this section. This definition applies regardless of the use of face coverings.

EXCEPTION: Employees have not had a close contact if they wore a respirator required by the employer and used in compliance with section 5144, whenever they were within six feet of the COVID-19 case during the high-risk exposure period.

2/7/25, 10:28 AM  California Code of Regulations, Title 8, Section 3205. COVID-19 Prevention.

Case 8:23-cv-02026-FWS-DFM   Document 104-3   Filed 06/18/25   Page 3 of 12   Page ID #:2088

(2) "COVID-19" means coronavirus disease, an infectious disease caused by the severe acute respiratory syndrome coronavirus 2 (SARS-CoV-2).

(3) "COVID-19 case" means a person who:

(A) Has a positive "COVID-19 test" as defined in this section; or

(B) Has a positive COVID-19 diagnosis from a licensed health care provider; or

(C) Is subject to a COVID-19-related order to isolate issued by a local or state health official; or

(D) Has died due to COVID-19, in the determination of a local health department or per inclusion in the COVID-19 statistics of a county.

(4) "COVID-19 hazard" means potentially infectious material that may contain SARS-CoV-2, the virus that causes COVID-19. Potentially infectious materials include airborne droplets, small particle aerosols, and airborne droplet nuclei, which most commonly result from a person or persons exhaling, talking or vocalizing, coughing, or sneezing, or from procedures performed on persons which may aerosolize saliva or respiratory tract fluids. This also includes objects or surfaces that may be contaminated with SARS-CoV-2.

(5) "COVID-19 symptoms" means fever of 100.4 degrees Fahrenheit or higher, chills, cough, shortness of breath or difficulty breathing, fatigue, muscle or body aches, headache, new loss of taste or smell, sore throat, congestion or runny nose, nausea or vomiting, or diarrhea, unless a licensed health care professional determines the person's symptoms were caused by a known condition other than COVID-19.

(6) "COVID-19 test" means a viral test for SARS-CoV-2 that is:

(A) Approved by the United States Food and Drug Administration (FDA) or has an Emergency Use Authorization from the FDA to diagnose current infection with the SARS-CoV-2 virus; and

(B) Administered in accordance with the FDA approval or the FDA Emergency Use Authorization as applicable.

(7) "Exposed group" means all employees at a work location, working area, or a common area at work, where an employee COVID-19 case was present at any time during the high-risk exposure period. A common area at work includes bathrooms, walkways, hallways, aisles, break or eating areas, and waiting areas. The following exceptions apply:

(A) For the purpose of determining the exposed group, a place where persons momentarily pass through while everyone is wearing face coverings, without congregating, is not a work location, working area, or a common area at work.

(B) If the COVID-19 case was part of a distinct group of employees who are not present at the workplace at the same time as other employees, for instance a work crew or shift that does not overlap with another work crew or shift, only employees within that distinct group are part of the exposed group.

(C) If the COVID-19 case visited a work location, working area, or a common area at work for less than 15 minutes during the high-risk exposure period, and the COVID-19 case was wearing a face covering during the entire visit, other people at the work location, working area, or common area are not part of the exposed group.

NOTE: An exposed group may include the employees of more than one employer. See Labor Code sections 6303 and 6304.1.

2/7/25, 10:23 AM California Code of Regulations, Title 8, Section 3205. COVID-19 Prevention.

Case 8:23-cv-02026-FWS-DFM Document 104-3 Filed 06/18/25 Page 4 of 12 Page ID #:2089

(8) "Face covering" means a surgical mask, a medical procedure mask, a respirator worn voluntarily, or a tightly woven fabric or non-woven material of at least two layers. A face covering has no visible holes or openings and must cover the nose and mouth. A face covering does not include a scarf, ski mask, balaclava, bandana, turtleneck, collar, or single layer of fabric.

(9) "Fully vaccinated" means the employer has documented that the person received, at least 14 days prior, either the second dose in a two-dose COVID-19 vaccine series or a single-dose COVID-19 vaccine. Vaccines must be FDA approved; have an emergency use authorization from the FDA; or, for persons fully vaccinated outside the United States, be listed for emergency use by the World Health Organization (WHO).

(10) "High-risk exposure period" means the following time period:

(A) For COVID-19 cases who develop COVID-19 symptoms, from two days before they first develop symptoms until all of the following are true: it has been 10 days since symptoms first appeared; 24 hours have passed with no fever, without the use of fever-reducing medications; and symptoms have improved.

(B) For COVID-19 cases who never develop COVID-19 symptoms, from two days before until 10 days after the specimen for their first positive test for COVID-19 was collected.

(11) "Respirator" means a respiratory protection device approved by the National Institute for Occupational Safety and Health (NIOSH) to protect the wearer from particulate matter, such as an N95 filtering facepiece respirator.

(12) "Worksite," for the limited purposes of COVID-19 prevention regulations only, means the building, store, facility, agricultural field, or other location where a COVID-19 case was present during the high-risk exposure period. It does not apply to buildings, floors, or other locations of the employer that a COVID-19 case did not enter.

NOTE: The term worksite is used for the purpose of notice requirements in subsections (c)(3)(B)3. and 4. only.

(c) Written COVID-19 Prevention Program. Employers shall establish, implement, and maintain an effective, written COVID-19 Prevention Program, which may be integrated into the employer's Injury and Illness Prevention Program required by section 3203, or be maintained in a separate document. The written elements of a COVID-19 Prevention Program shall include:

(1) System for communicating. The employer shall do all of the following in a form readily understandable by employees:

(A) Ask employees to report to the employer, without fear of reprisal, COVID-19 symptoms, possible close contacts, and possible COVID-19 hazards at the workplace.

(B) Describe how employees with medical or other conditions that put them at increased risk of severe COVID-19 illness can request accommodations.

(C) Provide information about access to COVID-19 testing as described in subsection (c)(5)(I) when testing is required under this section, section 3205.1, or section 3205.2.

(D) In accordance with subsection (c)(3)(B), communicate information about COVID-19 hazards and the employer's COVID-19 policies and procedures to employees and to other employers, persons, and entities within or in contact with the employer's workplace.

NOTE: See subsection (c)(3)(C) for confidentiality requirements for COVID-19 cases.

(2) Identification and evaluation of COVID-19 hazards.

2/7/25, 10:28 AM                California Code of Regulations, Title 8, Section 3205. COVID-19 Prevention.

Case 8:23-cv-02026-FWS-DFM   Document 104-3   Filed 06/18/25   Page 5 of 12   Page ID #:2090

(A) The employer shall allow for employee and authorized employee representative participation in the identification and evaluation of COVID-19 hazards.

(B) The employer shall develop and implement a process for screening employees for and responding to employees with COVID-19 symptoms. The employer may ask employees to evaluate their own symptoms before reporting to work. If the employer conducts screening indoors at the workplace, the employer shall ensure that face coverings are used during screening by both screeners and employees who are not fully vaccinated and, if temperatures are measured, that non-contact thermometers are used.

(C) The employer shall develop COVID-19 policies and procedures to respond effectively and immediately to individuals at the workplace who are a COVID-19 case to prevent or reduce the risk of transmission of COVID-19 in the workplace.

(D) The employer shall conduct a workplace-specific identification of all interactions, areas, activities, processes, equipment, and materials that could potentially expose employees to COVID-19 hazards. Employers shall treat all persons, regardless of symptoms or negative COVID-19 test results, as potentially infectious.

>1. This shall include identification of places and times when people may congregate or come in contact with one another, regardless of whether employees are performing an assigned work task or not, for instance during meetings or trainings and including in and around entrances, bathrooms, hallways, aisles, walkways, elevators, break or eating areas, cool-down areas, and waiting areas.

>2. This shall include an evaluation of employees' potential workplace exposure to all persons at the workplace or who may enter the workplace, including coworkers, employees of other entities, members of the public, customers or clients, and independent contractors. Employers shall consider how employees and other persons enter, leave, and travel through the workplace, in addition to addressing stationary work.

(E) For indoor locations, the employer shall evaluate how to maximize ventilation with outdoor air; the highest level of filtration efficiency compatible with the existing ventilation system; and whether the use of portable or mounted High Efficiency Particulate Air (HEPA) filtration units, or other air cleaning systems, would reduce the risk of COVID-19 transmission.

(F) The employer shall review applicable orders and guidance from the State of California and the local health department related to COVID-19 hazards and prevention. These orders and guidance are both information of general application, including Interim guidance for Ventilation, Filtration, and Air Quality in Indoor Environments by the California Department of Public Health (CDPH), and information specific to the employer's industry, location, and operations.

(G) The employer shall evaluate existing COVID-19 prevention controls at the workplace and the need for different or additional controls. This includes evaluation of controls in subsections (c)(4), (c)(6), and (c)(7).

(H) The employer shall conduct periodic inspections as needed to identify unhealthy conditions, work practices, and work procedures related to COVID-19 and to ensure compliance with employers' COVID-19 policies and procedures.

(3) Investigating and responding to COVID-19 cases in the workplace.

(A) Employers shall have an effective procedure to investigate COVID-19 cases in the workplace. This includes procedures for seeking information from employees regarding COVID-19 cases and close contacts, COVID-19 test results, and onset of COVID-19 symptoms, and identifying and recording COVID-19 cases.

Exhibit 99 Page 16

CSU_001997

(B) The employer shall take the following actions when there has been a COVID-19 case at the place of employment:

    1. Determine the day and time the COVID-19 case was last present and, to the extent possible, the date of the positive COVID-19 test(s) and/or diagnosis, and the date the COVID-19 case first had one or more COVID-19 symptoms, if any were experienced.

    2. Determine who may have had a close contact. This requires an evaluation of the activities of the COVID-19 case and all locations at the workplace which may have been visited by the COVID-19 case during the high-risk exposure period.

NOTE: See subsection (c)(9) for exclusion requirements for employees after a close contact.

    3. Within one business day of the time the employer knew or should have known of a COVID-19 case, the employer shall give written notice, in a form readily understandable by employees, that people at the worksite may have been exposed to COVID-19. The notice shall be written in a way that does not reveal any personal identifying information of the COVID-19 case. Written notice may include, but is not limited to, personal service, email, or text message if it can reasonably be anticipated to be received by the employee within one business day of sending. The notice shall include the disinfection plan required by Labor Code section 6409.6(a)(4). The notice must be sent to the following:

        a. All employees at the worksite during the high-risk exposure period. If the employer should reasonably know that an employee has not received the notice, or has limited literacy in the language used in the notice, the employer shall provide verbal notice, as soon as practicable, in a language understandable by the employee.

        b. Independent contractors and other employers at the worksite during the high-risk exposure period.

    4. Within one business day of the time the employer knew or should have known of the COVID-19 case, the employer shall provide the notice required by Labor Code section 6409.6(a)(2) and (c) to the authorized representative of any employee at the worksite during the high-risk exposure period.

    5. Make COVID-19 testing available at no cost, during paid time, to all employees of the employer who had a close contact in the workplace and provide them with the information on benefits described in subsections (c)(5)(B) and (c)(9)(C), with the following exceptions:

        a. Employees who were fully vaccinated before the close contact and do not have COVID-19 symptoms.

        b. COVID-19 cases who returned to work pursuant to subsection 3205(c)(10)(A) or (B) and have remained free of COVID-19 symptoms, for 90 days after the initial onset of COVID-19 symptoms or, for COVID-19 cases who never developed symptoms, for 90 days after the first positive test.

    6. Investigate whether workplace conditions could have contributed to the risk of COVID-19 exposure and what could be done to reduce exposure to COVID-19 hazards.

(C) Personal identifying information of COVID-19 cases or persons with COVID-19 symptoms, and any employee medical records required by this section or by sections 3205.1 through 3205.4, shall be kept confidential unless disclosure is required or permitted by law. Unredacted information on COVID-19 cases

shall be provided to the local health department, CDPH, the Division, and NIOSH immediately upon request, and when required by law.

(4) Correction of COVID-19 hazards. Employers shall implement effective policies and/or procedures for correcting unsafe or unhealthy conditions, work practices, policies and procedures in a timely manner based on the severity of the hazard. This includes, but is not limited to, implementing controls and/or policies and procedures in response to the evaluations conducted under subsections (c)(2) and (c)(3) and implementing the controls required by subsections (c)(6) and (c)(7).

(5) Training and instruction. The employer shall provide effective training and instruction to employees that includes the following:

(A) The employer's COVID-19 policies and procedures to protect employees from COVID-19 hazards, and how to participate in the identification and evaluation of COVID-19 hazards under subsection (c)(2)(A).

(B) Information regarding COVID-19-related benefits to which the employee may be entitled under applicable federal, state, or local laws. This includes any benefits available under legally mandated sick and vaccination leave, if applicable, workers' compensation law, local governmental requirements, the employer's own leave policies, leave guaranteed by contract, and this section.

(C) The fact that COVID-19 is an infectious disease that can be spread through the air when an infectious person talks or vocalizes, sneezes, coughs, or exhales; that COVID-19 may be transmitted when a person touches a contaminated object and then touches their eyes, nose, or mouth, although that is less common; and that an infectious person may have no symptoms.

(D) The fact that particles containing the virus can travel more than six feet, especially indoors, so physical distancing, face coverings, increased ventilation indoors, and respiratory protection decrease the spread of COVID-19, but are most effective when used in combination.

(E) The employer's policies for providing respirators, and the right of employees who are not fully vaccinated to request a respirator for voluntary use as stated in this section, without fear of retaliation and at no cost to employees. Whenever respirators are provided for voluntary use under this section or sections 3205.1 through 3205.4:

   1. How to properly wear the respirator provided;

   2. How to perform a seal check according to the manufacturer's instructions each time a respirator is worn, and the fact that facial hair interferes with a seal.

(F) The importance of frequent hand washing with soap and water for at least 20 seconds and using hand sanitizer when employees do not have immediate access to a sink or hand washing facility, and that hand sanitizer does not work if the hands are soiled.

(G) Proper use of face coverings and the fact that face coverings are not respiratory protective equipment. COVID-19 is an airborne disease. N95s and more protective respirators protect the users from airborne disease while face coverings primarily protect people around the user.

(H) COVID-19 symptoms, and the importance of not coming to work and obtaining a COVID-19 test if the employee has COVID-19 symptoms.

(I) Information on the employer's COVID-19 policies; how to access COVID-19 testing and vaccination; and the fact that vaccination is effective at preventing COVID-19, protecting against both transmission and serious illness or death.

2/7/25, 10:28 AM California Code of Regulations, Title 8, Section 3205. COVID-19 Prevention.

Case 8:23-cv-02026-FWS-DFM Document 104-3 Filed 06/18/25 Page 8 of 12 Page ID #:2093

(J) The conditions under which face coverings must be worn at the workplace and that face coverings are additionally recommended outdoors for people who are not fully vaccinated if six feet of distance between people cannot be maintained. Employees can request face coverings from the employer at no cost to the employee and can wear them at work, regardless of vaccination status, without fear of retaliation.

(6) Face coverings.

(A) For all employees who are not fully vaccinated, employers shall provide face coverings and ensure they are worn when indoors or in vehicles.

(B) Employers shall provide face coverings and ensure they are worn by employees when required by orders from the CDPH.

(C) Employers shall ensure that required face coverings are clean and undamaged, and that they are worn over the nose and mouth. Face shields are not a replacement for face coverings, although they may be worn together for additional protection.

(D) When employees are required to wear face coverings under this section or sections 3205.1 through 3205.4, the following exceptions apply:

> 1. When an employee is alone in a room or vehicle.
>
> 2. While eating or drinking at the workplace, provided employees are at least six feet apart and outside air supply to the area, if indoors, has been maximized to the extent feasible.
>
> 3. Employees wearing respirators required by the employer and used in compliance with section 5144.
>
> 4. Employees who cannot wear face coverings due to a medical or mental health condition or disability, or who are hearing-impaired or communicating with a hearing-impaired person.
>
> 5. Specific tasks which cannot feasibly be performed with a face covering. This exception is limited to the time period in which such tasks are actually being performed.

(E) Employees exempted from wearing face coverings due to a medical condition, mental health condition, or disability shall wear an effective non-restrictive alternative, such as a face shield with a drape on the bottom, if their condition or disability permits it.

(F) Any employee not wearing a face covering, pursuant to the exceptions in subsections (c)(6)(D)4. or 5., and not wearing a non-restrictive alternative when allowed by subsection (c)(6)(E), shall be at least six feet apart from all other persons unless the unmasked employee is either fully vaccinated or tested at least weekly for COVID-19 during paid time and at no cost to the employee. Employers may not use the provisions of subsection (c)(6)(F) as an alternative to face coverings when face coverings are otherwise required by this section.

(G) No employer shall prevent any employee from wearing a face covering when not required by this section, unless it would create a safety hazard, such as interfering with the safe operation of equipment.

(H) When face coverings are not required by this section or by sections 3205.1 through 3205.4, employers shall provide face coverings to employees upon request, regardless of vaccination status.

(I) Employers shall implement measures to communicate to non-employees the face coverings requirements on their premises.

(7) Other engineering controls, administrative controls, and personal protective equipment.

(A) For buildings with mechanical or natural ventilation, or both, employers shall maximize the quantity of outside air provided to the extent feasible, except when the United States Environmental Protection Agency (EPA) Air Quality Index is greater than 100 for any pollutant or if opening windows or maximizing outdoor air by other means would cause a hazard to employees, for instance from excessive heat or cold.

(B) Employers shall implement cleaning and disinfecting procedures, which require:

    1. Identifying and regularly cleaning frequently touched surfaces and objects, such as doorknobs, elevator buttons, equipment, tools, handrails, handles, controls, phones, headsets, bathroom surfaces, and steering wheels. The employer shall inform employees and authorized employee representatives of cleaning and disinfection protocols, including the planned frequency and scope of cleaning and disinfection.

    2. Cleaning of areas, material, and equipment used by a COVID-19 case during the high-risk exposure period, and disinfection if the area, material, or equipment is indoors and will be used by another employee within 24 hours of the COVID-19 case.

NOTE: Cleaning and disinfecting must be done in a manner that does not create a hazard to employees. See Group 2 and Group 16 of the General Industry Safety Orders for further information.

(C) To protect employees from COVID-19 hazards, the employer shall evaluate its handwashing facilities, determine the need for additional facilities, encourage and allow time for employee handwashing, and provide employees with an effective hand sanitizer. Employers shall encourage employees to wash their hands for at least 20 seconds each time. Provision or use of hand sanitizers with methyl alcohol is prohibited.

(D) Personal protective equipment.

    1. Employers shall evaluate the need for personal protective equipment to prevent exposure to COVID-19 hazards, such as gloves, goggles, and face shields, and provide such personal protective equipment as needed.

    2. Upon request, employers shall provide respirators for voluntary use in compliance with subsection 5144(c)(2) to all employees who are not fully vaccinated and who are working indoors or in vehicles with more than one person. Whenever an employer makes respirators for voluntary use available, under this section or sections 3205.1 through 3205.4, the employer shall encourage their use and shall ensure that employees are provided with a respirator of the correct size.

    3. Employers shall provide and ensure use of respirators in compliance with section 5144 when deemed necessary by the Division through the Issuance of Order to Take Special Action, in accordance with title 8, section 332.3.

    4. Employers shall provide and ensure use of eye protection and respiratory protection in compliance with section 5144 when employees are exposed to procedures that may aerosolize potentially infectious material such as saliva or respiratory tract fluids.

NOTE: Examples of work covered by subsection (c)(7)(D)4. include, but are not limited to, certain dental procedures and outpatient medical specialties not covered by section 5199.

(E) Testing of symptomatic employees. Employers shall make COVID-19 testing available at no cost to employees with COVID-19 symptoms who are not fully vaccinated, during employees' paid time.

(8) Reporting, recordkeeping, and access.

Exhibit 99 Page 20

CSU_002001

(A) The employer shall report information about COVID-19 cases and outbreaks at the workplace to the local health department whenever required by law, and shall provide any related information requested by the local health department. The employer shall report all information to the local health department as required by Labor Code section 6409.6.

(B) The employer shall maintain records of the steps taken to implement the written COVID-19 Prevention Program in accordance with section 3203(b).

(C) The written COVID-19 Prevention Program shall be made available at the workplace to employees, authorized employee representatives, and to representatives of the Division immediately upon request.

(D) The employer shall keep a record of and track all COVID-19 cases with the employee's name, contact information, occupation, location where the employee worked, the date of the last day at the workplace, and the date of a positive COVID-19 test.

(9) Exclusion of COVID-19 cases and employees who had a close contact. The purpose of this subsection is to limit transmission of COVID-19 in the workplace.

(A) Employers shall ensure that COVID-19 cases are excluded from the workplace until the return to work requirements of subsection (c)(10) are met.

(B) Employers shall exclude from the workplace employees who had a close contact until the return to work requirements of subsection (c)(10) are met, with the following exceptions:

> 1. Employees who were fully vaccinated before the close contact and who do not develop COVID-19 symptoms; and
>
> 2. COVID-19 cases who returned to work pursuant to subsection (c)(10)(A) or (B) and have remained free of COVID-19 symptoms, for 90 days after the initial onset of COVID-19 symptoms or, for COVID-19 cases who never developed COVID-19 symptoms, for 90 days after the first positive test.

(C) For employees excluded from work under subsection (c)(9), employers shall continue and maintain an employee's earnings, wages, seniority, and all other employee rights and benefits, including the employee's right to their former job status, as if the employee had not been removed from their job. Employers may use employer-provided employee sick leave for this purpose to the extent permitted by law. Wages due under this subsection are subject to existing wage payment obligations and must be paid at the employee's regular rate of pay no later than the regular pay day for the pay period(s) in which the employee is excluded. Unpaid wages owed under this subsection are subject to enforcement through procedures available in existing law. If an employer determines that one of the exceptions below applies, it shall inform the employee of the denial and the applicable exception.

EXCEPTION 1: Subsection (c)(9)(C) does not apply where the employee received disability payments or was covered by workers' compensation and received temporary disability.

EXCEPTION 2: Subsection (c)(9)(C) does not apply where the employer demonstrates that the close contact is not work related.

> (D) Subsection (c)(9) does not limit any other applicable law, employer policy, or collective bargaining agreement that provides for greater protections.
>
> (E) At the time of exclusion, the employer shall provide the employee the information on benefits described in subsections (c)(5)(B) and (c)(9)(C).

2/7/25, 10:58 AM  California Code of Regulations, Title 8, Section 3205. COVID-19 Prevention.

Case 8:23-cv-02026-FWS-DFM   Document 104-3   Filed 06/18/25   Page 11 of 12   Page ID #:2096

(10) Return to work criteria.

(A) COVID-19 cases with COVID-19 symptoms shall not return to work until:

1. At least 24 hours have passed since a fever of 100.4 degrees Fahrenheit or higher has resolved without the use of fever-reducing medications; and

2. COVID-19 symptoms have improved; and

3. At least 10 days have passed since COVID-19 symptoms first appeared.

(B) COVID-19 cases who tested positive but never developed COVID-19 symptoms shall not return to work until a minimum of 10 days have passed since the date of specimen collection of their first positive COVID-19 test.

(C) Once a COVID-19 case has met the requirements of subsection (c)(10)(A) or (B), as applicable, a negative COVID-19 test shall not be required for an employee to return to work.

(D) Persons who had a close contact may return to work as follows:

1. Persons who had a close contact but never developed any COVID-19 symptoms may return to work when 10 days have passed since the last known close contact.

2. Persons who had a close contact and developed any COVID-19 symptom cannot return to work until the requirements of subsection (c)(10)(A) have been met, unless all of the following are true:

a. The person tested negative for COVID-19 using a polymerase chain reaction (PCR) COVID-19 test with specimen taken after the onset of symptoms; and

b. At least 10 days have passed since the last known close contact; and

c. The person has been symptom-free for at least 24 hours, without using fever-reducing medications.

3. During critical staffing shortages, when there are not enough staff to provide safe patient care, essential critical infrastructure workers in the following categories may return after Day 7 from the date of last exposure if they have received a negative PCR COVID-19 test result from a specimen collected after Day 5:

a. Health care workers who did not develop COVID-19 symptoms;

b. Emergency response workers who did not develop COVID-19 symptoms; and

c. Social service workers who did not develop COVID-19 symptoms and who work face to face with clients in child welfare or assisted living.

(E) If an order to isolate, quarantine, or exclude an employee is issued by a local or state health official, the employee shall not return to work until the period of isolation or quarantine is completed or the order is lifted. If no period was specified, then the period shall be in accordance with the return to work periods in subsection (c)(10)(A), (c)(10)(B), or (c)(10)(D), as applicable.

(F) If no violations of local or state health officer orders for isolation, quarantine, or exclusion would result, the Division may, upon request, allow employees to return to work on the basis that the removal of an employee would create undue risk to a community's health and safety. In such cases, the employer shall develop, implement, and maintain effective control measures to prevent transmission in the workplace

2/7/25, 10:25 AM California Code of Regulations, Title 8, Section 3205. COVID-19 Prevention.

Case 8:23-cv-02026-FWS-DFM  Document 104-3  Filed 06/18/25  Page 12 of 12  Page ID #:2097

including providing isolation for the employee at the workplace and, if isolation is not feasible, the use of respirators in the workplace.

Note: Authority cited: Section 142.3, Labor Code. Reference: Sections 142.3, 144.6 and 6409.6, Labor Code.

## HISTORY

1. New section filed 11-30-2020 as an emergency; operative 11-30-2020. Emergency expiration extended 60 days (Executive Order N-40-20) plus an additional 60 days (Executive Order N-71-20) (Register 2020, No. 49). A Certificate of Compliance must be transmitted to OAL by 10-1-2021 or emergency language will be repealed by operation of law on the following day. For prior history, see Register 74, No. 43.

2. Governor Newsom issued Executive Order N-84-20 (2019 CA EO 84-20), dated December 14, 2020, which suspended certain provisions relating to the exclusion of COVID-19 cases from the workplace.

3. Editorial correction of punctuation errors in subsections (b)(1), (c)(3)(D), (c)(10)(C) and (c)(10)(E) (Register 2021, No. 24).

4. New section refiled with amendments 6-17-2021 as an emergency; operative 6-17-2021 pursuant to Executive Order N-09-21 (Register 2021, No. 25). Exempt from the APA pursuant to Government Code sections 8567, 8571 and 8627 (Executive Order N-09-21). Emergency expiration extended 60 days (Executive Order N-40-20) plus an additional 60 days (Executive Order N-71-20). A Certificate of Compliance must be transmitted to OAL by 1-13-2022 or emergency language will be repealed by operation of law on the following day.

Go Back to General Industry Safety Orders, Introduction