CORRIE J. KLEKOWSKI (SBN 251338)
corrie.klekowski@quarles.com
HEATHER C. DAVIS (SBN 307850)
heather.davis@quarles.com
**QUARLES & BRADY LLP**
101 West Broadway, Suite 1500
San Diego, California 92101-8285
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for Defendant THE BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY (incorrectly sued as "CALIFORNIA STATE UNIVERSITY FULLERTON") and DAVID FORGUES

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| KATIE CAPPUCCIO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CALIFORNIA STATE UNIVERSITY, FULLERTON, and DAVID FORGUES, in his individual capacity and office capacity as Vice President of Human Resources,<br><br>　　　　Defendants. | Case No. 8:23-cv-02026-FWS-DFM<br><br>**CSU'S [PROPOSED] SPECIAL VERDICT**<br><br>Trial:　　　August 19, 2025<br>Judge:　　　Hon. Fred W. Slaughter<br>Crtrm.:　　　Santa Ana, 10D<br>Magistrate:　Douglas F. McCormick<br>Crtrm:　　　Santa Ana, 6B<br><br>**EXEMPT FROM FEES<br>GOVT. CODE § 6103** |

We, the jury in the above-entitled case, answer the questions submitted to us as follows:

### **Failure to Accommodate Religion (Title VII)**

1. Do you find that Katie Cappuccio has proved by a preponderance of the evidence that she has a bona fide religious belief that she cannot conduct medical procedures unless she is sick?

    Yes \_\_\_\_ No \_\_\_\_

    If your answer to question 1 is yes, then answer question 2. If you answered no, then proceed to question 10.

2. Do you find that Katie Cappuccio has proved by a preponderance of the evidence that her religious belief that she could not conduct medical procedures unless she was sick conflicted with an employment duty?

    Yes \_\_\_\_ No \_\_\_\_

    If your answer to question 2 is yes, then answer question 3. If you answered no, then proceed to question 10.

3. Do you find that Katie Cappuccio has proved by a preponderance of the evidence that she informed CSU of her religious belief that she could not conduct medical procedures unless she was sick and the conflict between her religious belief and the employment duty?

    Yes \_\_\_\_ No \_\_\_\_

    If your answer to question 3 is yes, then answer question 4. If you answered no, then proceed to question 10.

4. Do you find that CSU has proved by a preponderance of the evidence that it could not have accommodated Katie Cappuccio's religious belief without undue hardship?

Yes ____ No ____

If your answer to question 4 is yes, then proceed to question 10. If you answered no, then answer question 5.

5. Do you find that Katie Cappuccio has proved by a preponderance of the evidence that CSU discharged her because of the conflict between her religious belief and the employment duty due to the religious belief?

Yes ____ No ____

If your answer to question 5 is yes, then answer question 6. If you answered no, then proceed to question 10.

6. Do you find that Katie Cappuccio has proved by a preponderance of the evidence that she was harmed?

Yes ____ No ____

If your answer to question 6 is yes, then answer question 7. If you answered no, then proceed to question 10.

7. Do you find that Katie Cappuccio has proved by a preponderance of the evidence that CSU's failure to reasonably accommodate Katie Cappuccio's religious belief was a substantial factor in causing her harm?

Yes ____ No ____

If your answer to question 7 is yes, then answer question 8. If you answered no, then proceed to question 10.

8. Did CSU adopt an enactment of Presidential Directive 22 and the Covid-19 Vaccination Interim Policy?

Yes ____ No ____

If your answer to question 8 is yes, then answer question 9. If you answered no, then proceed to question 10.

9. Was the harm that Katie Cappuccio suffered substantially caused by CSU's adoption of an enactment of Presidential Directive 22 and the Covid-19 Vaccination Interim Policy?

Yes ____ No ____

Regardless of your answer to this question, proceed to question 10.

**Failure to Accommodate Religion (FEHA)**

10. Do you find that Katie Cappuccio has proved by a preponderance of the evidence that that she has a sincerely held religious belief that she cannot conduct medical procedures unless she is sick?

Yes ____ No ____

If your answer to question 10 is yes, then answer question 11. If you answered no, then proceed to question 20.

11. Do you find that Katie Cappuccio has proved by a preponderance of the evidence that her religious belief that she could not conduct medical procedures unless she was sick conflicted with a job requirement?

Yes ____ No ____

If your answer to question 11 is yes, then answer question 12. If you answered no, then proceed to question 20.

12. Do you find that Katie Cappuccio has proved by a preponderance of the evidence that CSU knew of the conflict between Katie Cappuccio's religious belief that she could not conduct medical procedures unless she was sick and the job requirement?

Yes ____ No ____

If your answer to question 12 is yes, then answer question 13. If you answered no, then proceed to question 20.

13. Do you find that CSU reasonably accommodated Katie Cappuccio's religious belief that she could not conduct medical procedures unless she was sick?

Yes ____ No ____

If your answer to question 13 is no, then answer question 14. If you answered yes, then proceed to question 20.

14. Do you find that CSU had proved by a preponderance of the evidence that it could not have accommodated Katie Cappuccio's religious belief without undue hardship?

Yes \_\_\_\_ No \_\_\_\_

If your answer to question 14 is yes, then proceed to question 20. If you answered no, then answer question 15.

15. Do you find that Katie Cappuccio has proved by a preponderance of the evidence that the conflict between her religious belief and the job requirement was a substantial motivating reason for CSU discharging her?

Yes \_\_\_\_ No \_\_\_\_

If your answer to question 15 is yes, then answer question 16. If you answered no, stop here, then proceed to question 20.

16. Do you find that Katie Cappuccio has proved by a preponderance of the evidence that she was harmed?

Yes \_\_\_\_ No \_\_\_\_

If your answer to question 16 is yes, then answer question 17. If you answered no, then proceed to question 20.

17. Do you find that Katie Cappuccio has proved by a preponderance of the evidence that CSU's failure to reasonably accommodate Katie Cappuccio's religious belief was a substantial factor in causing harm to Katie Cappuccio?

Yes \_\_\_\_ No \_\_\_\_

If your answer to question 17 is yes, then answer question 18. If you answered no, then proceed to question 20.

18. Did CSU adopt an enactment of Presidential Directive 22 and the Covid-19 Vaccination Interim Policy?

Yes ____ No ____

If your answer to question 18 is yes, then answer question 19. If you answered no, then proceed to question 20.

19. Was the harm Katie Cappuccio suffered substantially caused by CSU's adoption of an enactment of Presidential Directive 22 and the Covid-19 Vaccination Interim Policy?

Yes ____ No ____

Regardless of your answer to question 19, proceed to question 20.

**Damages**

20. If you have answered "no" to question 8, 9, 18, and/or 19, then proceed to question 21.

If you did not answer questions 8, 9, 18, or 19 because of an answer to a prior question, or if you answered yes to question 9 and 19, then do not answer question 21 and sign and date and return this form.

21. What amount, if any, do you award Katie Cappuccio for the damages she suffered?

    a. Economic loss                          $_____

    b. Non-economic loss                  $_____

                                TOTAL      $_____

Signed: _____
        Presiding Juror

Dated: _____

After this verdict form has been signed, notify the bailiff.

| | | |
|---|---|---|
| 1 | Dated: June 26, 2025 | QUARLES & BRADY LLP |

By: _____*/s/ Heather C. Davis*_____
CORRIE J. KLEKOWSKI
HEATHER C. DAVIS
Attorneys for Defendant THE BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY (incorrectly sued as "CALIFORNIA STATE UNIVERSITY FULLERTON") and DAVID FORGUES

CSU'S [PROPOSED] SPECIAL VERDICT